563 So.2d 1368 (1990)
Joyce Elizabeth Daniels JOHNSON and Claude Wayne Daniels
v.
Jerry LADNER a/k/a Gerald Louis Ladner.
No. 89-CA-0384.
Supreme Court of Mississippi.
May 9, 1990.
Rehearing Denied August 8, 1990.
Frank P. Wittmann, III and Floyd J. Logan, Gulfport, for appellant.
*1369 Dixie L. Vaughn, Gulfport, for appellee.
Before HAWKINS, P.J., and SULLIVAN and ANDERSON, JJ.
SULLIVAN, Justice, for the Court:
Joyce Elizabeth Daniels (Johnson) and Claude Wayne Daniels have perfected this appeal from an order of the Hancock County Chancery Court establishing paternity of their minor child in the appellee, Jerry Ladner a/k/a Gerald Louis Ladner. Ladner, seven years after the birth of the child, filed a complaint in the chancery court for filiation, seeking to have himself declared the natural father of a child born in wedlock to the appellants.
At the time of the child's birth, his mother, Johnson was married to Claude Daniels. The birth certificate established Johnson and Daniels to be the mother and father. The chancery court ordered blood tests pursuant to Miss. Code Ann. § 93-9-21 (1972).
This Court granted an interlocutory appeal and vacated the blood tests ordered. Section 93-9-21, Miss. Code Ann. (1972), provided that the chancery court could order blood tests only at the request of a defendant in a paternity action. Subsequently, however, § 93-9-21 (1972) was amended, effective July 1, 1987. In a footnote, we stated that the amended portion provides standing for a plaintiff in a paternity action. See Johnson v. Ladner, 514 So.2d 327 (Miss. 1987).
The amended statute, Miss. Code Ann. § 93-9-21 (1987), provides in pertinent part as follows:
§ 93-9-21. Blood tests and other tests; enforcement of order to submit; notice of witnesses testifying as to sexual intercourse with mother.
(1) The court, on motion of the plaintiff, the defendant, or its own motion, may order the mother, the alleged father and the child to submit to blood tests and any other tests which reasonably prove or disprove the probability of paternity.
If any party refuses to submit to such tests, the court may resolve the question of paternity against such party or enforce its order if the rights of others and the interest of justice so require.
Chancellor Stewart ordered all the parties to submit to blood tests. Johnson, Ladner, and the minor child's blood tests were performed by Dr. Robert Lewis at University Medical Center. Daniels, however, failed to comply with several orders requiring him to submit to a blood test.
The deposition of Dr. Robert Lewis, the director of paternity testing at University Medical Center, was provided to the chancellor during a hearing held June 22, 1988. Dr. Lewis stated in his deposition that he performed HLA, "human leukocyte antigen," paternity tests on Ladner and the minor child.
The chancery court entered a final judgment adjudicating and declaring Ladner to be the natural father of the minor child, born in lawful wedlock to the appellants, under the presumed authority of Miss. Code Ann. § 93-9-21 (1972), as Amended, in that Daniels refused to comply with the court's orders requiring him to submit to a blood test.
Johnson and Daniels file this appeal relying on three statements of issues to support their contention that the lower court erred in finding the minor child to be illegitimate, to wit:
I. THE COURT ERRED IN RELYING ON THE MISSISSIPPI UNIFORM LAW ON PATERNITY ACT SECTION 93-9-1 THROUGH 93-9-49 OF THE MISSISSIPPI CODE OF 1972, ANNOTATED, TO ILLEGITIMATE A CHILD.
II. THE COURT ERRED IN OVERRULING THE MOTION TO DISMISS BASED ON THE STATUTE OF LIMITATIONS.
III. THE COURT ERRED IN REFUSING TO ALLOW APPELLANTS TO BE HEARD AND TO SUBMIT EVIDENCE IN THE BEST INTEREST OF THE MINOR CHILD, IN THEIR OPPOSITION OF SAID BLOOD TEST.

I.
We reverse and render on issue II. The action was time barred by the statute of *1370 limitations; therefore, it is not necessary to address issues I or III.

DID THE TRIAL COURT ERR IN OVERRULING THE MOTION TO DISMISS BASED ON THE STATUTE OF LIMITATIONS?
Johnson and Daniels argue that Ladner's paternity action was time barred under Miss. Code Ann. § 93-9-9 (1972), or § 15-1-49 (1972).
The minor child was born January 26, 1978. Ladner filed his paternity suit October 15, 1985, over seven years after birth.
Miss. Code Ann. § 93-9-9 (1972)[1], provides as follows:
Paternity may be determined upon the petition of the mother, the child or any public authority chargeable by law with the support of the child. If paternity has been lawfully determined, or has been acknowledged in writing according to the laws of this state, the liabilities of the father may be enforced in the same or other proceeding by the mother, the child or any public authority which has furnished or may furnish the reasonable expenses of the pregnancy, confinement, education, necessary support and maintenance, and medical or funeral expenses for the mother or the child. However, proceedings hereunder shall not be instituted by the mother after the child has reached the age of one year, unless the Defendant be absent from the state so that personal service of process cannot be had upon him, or, unless the defendant has acknowledged in writing that he is the father of the child.
The above section, clearly and unambiguously places the one year requirement on proceedings instituted by the mother. Ladner's paternity action does not fall within this one year statute.
The general catch-all statute of limitations is Miss. Code Ann. § 15-1-49 (1972)[2]. The statute which was applicable at the time provided as follows:
§ 15-1-49. Limitations applicable to actions not otherwise specifically provided for.
All actions for which no other period of limitation is prescribed shall be commenced within six years next after the cause of such action accrued, and not after.
Ladner's argument is: (1) his cause of action did not accrue until September of 1985, when Johnson began cutting his access to the child; or (2) the statute of limitations was tolled during the period the child was "raised in his home" and when he had full access to the child.
This argument is without merit. A cause of action accrues when the suit may be maintained. Ladner's action for paternity accrued with the birth of the minor child. See Grimsley v. Tyner, 454 So.2d 482 (Miss. 1984), and Knight v. Moore, 396 So.2d 31 (Miss. 1981), cert. denied 454 U.S. 817, 102 S.Ct. 95, 70 L.Ed.2d 86 (1981). This case is dismissed, being statutorily time barred. See Reich v. Jesco Inc., 526 So.2d 550 (Miss. 1988).
REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, ANDERSON, PITTMAN and BLASS, JJ., concur.
DAN M. LEE, P.J., not participating.
NOTES
[1] Section 93-9-9 was amended, effective July 1, 1989, providing that enforcement under the paternity act could not be instituted after the child reaches the age of eighteen (18) years.
[2] Section 15-1-49 was amended, effective July 1, 1989, providing actions are time barred after three years.