IRVING, J.,
for the Court.
¶ 1. Tyres Frai’ Aunt Autrey filed a complaint for paternity against Rudolph Lowell Parson in the Chancery Court of Jackson County. Parson answered the complaint and filed a motion to dismiss, alleging that the action was barred by the statute of limitations and the doctrines of estoppel and laches. The trial court granted Parson’s motion to dismiss. Feeling aggrieved by the trial court’s decision, Au-trey, proceeding pro se, has appealed and lists the issues as what may be best described as four statements of observation. However, a careful reading of his brief reveals, as may be expected, that his chief complaint is that the trial court should not have dismissed his complaint and that, as a matter of law, the trial court erred in doing so.
FACTS
¶ 2. Believing Rudolph Lowell Parson to be his biological father, Tyres Frai’ Aunt Autrey, at the age of twenty-nine, filed a complaint for paternity against Parson. Pursuant to a motion to dismiss filed by Parson, the trial court dismissed the complaint as untimely. The primary basis for the dismissal was that the action was *295 barred by Mississippi Code Annotated section 93-9-9 (Supp.2002), which reads in pertinent part as follows:
(1) Paternity may be determined upon the petition of the mother, or father, the child or any public authority chargeable by law with the support of the child; provided that such an adjudication after the death of the defendant must be made only upon clear and convincing evidence.... However proceedings hereunder shall not be instituted by the Department of Human Services after the child has reached the age of eighteen (18) years but proceedings may be instituted by a private attorney at any time until such child attains the age of twenty-one (21) years unless the child has been emancipated as provided in Section 93-5-25 and Section 93-11-65.
ANALYSIS AND DISCUSSION
¶ 3. In dismissing Autrey’s complaint, the trial court felt that the doctrines of laches and equitable estoppel were applicable. However, in the view of the trial court, it was “very clearly and glaringly clear [that] the statute of limitations on paternity under section 93-9-9 and other appropriate sections” had expired. Notwithstanding the trial judge’s brief discussion of laches and equitable estoppel, we read his rather strong comment about the statute of limitations as being the basis for dismissing Autrey’s complaint. Therefore, we will limit our discussion to this issue.
¶ 4. “Statutory interpretation is a question of law, and we review questions of law de novo.” DePriest v. Barber, 798 So.2d 456, 457-8 (¶ 5) (Miss.2001). “[W]e are not required to defer to the trial court’s judgment or ruling.” Id.
The primary rule of construction is to ascertain the intent of the legislature from the statute as a whole and from the language used therein. Where the statute is plain and unambiguous there is no room for construction, but where it is ambiguous the court, in determining the legislative intent, may look not only to the language used but also to its historical background, its subject matter, and the purposes and objects to be accomplished
DePriest, 798 So.2d at 458 (¶ 5). “Instead of looking at the appropriateness of the trial judge’s holding, the statute’s language acts as [the] guide in determining the proper outcome” of the case. Id. We now turn to the statute in question.
¶ 5. Before the subject statute was amended in 1999, the pertinent portion of it read as follows:
Paternity may be determined upon the petition of the mother, or father, the child or any public authority chargeable by law with the support of the child; provided that such an adjudication after the death of the defendant must be made only upon clear and convincing evidence.... However, proceedings hereunder shall not be instituted after the child has reached the age of eighteen (18) years.
Miss.Code Ann. § 93-9-9(1) (Rev.1994) (emphasis added). The highlighted portion of the statute was revised in 1999 to read:
However proceedings hereunder shall not be instituted by the Department of Human Services after the child has reached the age of eighteen (18) years but proceedings may be instituted by a private attorney at any time until such child attains the age of twenty-one (21) years unless the child has been emancipated as provided in Section 93-5-28 and Section 93-11-65.
Miss.Code Ann. § 93-9-9 (Supp.2002). Prior to July 1989, there was no statute of *296 limitations for the filing of a paternity suit under this statute.
¶ 6. In discussing the statute’s legislative intent, our supreme court has explained that since the statute antedated Trimble v. Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977), the legislative intent was to provide a method for determining paternity of illegitimate children in order to enforce support. Baker v. Williams, 503 So.2d 249, 252 (Miss.1987).[1]
¶ 7. We are bound by our supreme court’s interpretation of the legislative intent of the statute. However, even if we were not so bound, we would arrive at the same conclusion. It appears clear to us that the statute’s limitation on when an action for paternity can be brought is for the sole purpose of enforcing the defaulting putative parent’s obligation to pay child support. Otherwise, there would be no need to include the Department of Human Services among the persons who may bring a paternity action. Further, the ex-tinguishment of the right to bring such action when the child has either been emancipated or attained his majority further argues in favor of the view that the time limitation imposed in the statute applies when paternity is sought to be established for the purpose of enforcing child support obligations, and not when paternity is sought to be established without being coupled with the concomitant obligation to pay child support.
¶ 8. Here, Autrey seeks a determination of paternity not for the purpose of enforcing his putative father’s child support obligations, but for the singular purpose of knowing his ancestry. Clearly, since Au-trey was twenty-nine at the time the complaint was filed, even if he had been successful in the court below, no child support could have been ordered since he is not a minor.
¶ 9. The question then is presented, if, as here, the object of the paternity action is not the enforcement of a child support obligation but the establishment of paternity for other reasons, whatever they may be, does the statute still apply, and if it does not, is there an applicable statute of limitations. In addition to this question, there is also the question—assuming the applicability of the statute to all paternity actions no matter the purpose—of whether a child, mother or father is bound by the time limitations since a literal reading of the statute only prohibits the Department of Human Services and a private attorney from bringing an action after the child has attained, in the case of the Department of Human Services, the age of eighteen or, in the case of a private attorney, the age of twenty-one, provided the child has not been earlier emancipated. Literally, the statute places no time limitation on when an action must be brought by a father, mother, or child unless the private attorney’s action is to be treated as the equivalent of a mother’s, father’s or child’s action.
¶ 10. Further, there is the matter of what can only be characterized as an anomaly in the law created by Mississippi Code Annotated section 91-1-15(3) respecting the inheritance rights and statutory time limitations in which illegitimates may operate to establish their paternity in order to assert their inheritance rights. The relevant portions of this statute read:
(3) An illegitimate shall inherit from and through the illegitimate’s natural father and his kindred, and the natural father of an illegitimate and his kindred shall *297 inherit from and through the illegitimate according to the statutes of descent and distribution if:
(c) There has been an adjudication of paternity after the death of the intestate .... However, no such claim of inheritance shall be recognized unless the action seeking an adjudication or paternity is filed within one (1) year after the death of the intestate or unthin ninety (90) days after the first publication of notice to creditors to present their claims, whichever is less. ...
* : * *
The remedy created herein is separate, complete and distinct, but cumulative with the remedies afforded illegitimates as provided by the Mississippi Uniform Law on Paternity; provided, however, the failure of an illegitimate to seek or obtain relief under the Mississippi Uniform Law on Paternity shall not diminish or abate the remedy created herein.
Miss.Code Ann. § 91-1-15 (Rev.1994).
¶ 11. We begin our analysis by stating that we have found no Mississippi case which is directly on point, that is, no case which recognizes and discusses any distinction, so far as the time limitation is concerned, between a paternity action for enforcement of child support and a paternity action for affording one peace of mind with respect to his ancestry. Nevertheless, we believe the cases of Johnson v. Ladner, 563 So.2d 1368 (Miss.1990), and Knight v. Moore, 396 So.2d 31 (Miss.1981), are instructive.
¶ 12. In Johnson, the putative father brought a paternity action more than seven years after the birth of the child. Johnson, 563 So.2d at 1370. At the time his suit was filed, the applicable portion of section 93-9-9 read as follows: “Paternity may be determined upon the petition of the mother, the child or any public authority chargeable by law with the support of the child.... However, proceedings hereunder, shall not be instituted by the mother after the child has reached the age of one year. ...” Id. (emphasis added). It is noteworthy that the “father” was not even mentioned in the statute as a person who could initiate a paternity action. The Johnson court did not discuss this fact but held that the one-year limitation on bringing the paternity action applied to the mother only, finding that “[t]he above section [Mississippi Code Annotated section 93-9-9], clearly, and unambiguously places the one year requirement on proceedings instituted by the mother.” Id. The court went on to hold that the catch-all statute of limitations, Mississippi Code Annotated section 15 — 1—49, applied to the putative father’s suit. Id.
¶ 13. Following the narrow and conservative interpretation applied in Johnson, we might well be within the realm of proper statutory interpretation of Mississippi Code Annotated section 99-9-9, as it now exists, to hold that, since Autrey is neither the Department of Human Services nor a private attorney, the eighteen-year and twenty-one-year limitation imposed by the statute is not applicable to him. This of course would mean that the three-year catch-all statute, section 15-1-49, would be applicable.
¶ 14. In Knight, on September 13, 1978, a thirty-nine-year-old woman brought a paternity suit against her putative father. Knight, 396 So.2d at 32. In reversing and rendering a judgment in favor of the woman because the suit was time barred, the Knight court determined that the catch-all statute of limitations, section 15-1-49, applied. Id. at 34-5. The court did not discuss the code section under which the paternity action was brought. However, our research shows that at that time, the *298 paternity statute, section 98-9-9, did not contain a time limitation of any sort. In finding that the general catch-all statute was applicable, the court held that the statute ran six years after the woman became twenty-one years of age.[2] Id. at 35.
¶ 15. Therefore, based on the authority of Johnson and Knight, we conclude that it is not necessary for us to decide whether section 93-9-9 or section 15-1^49 is the applicable statute of limitations. Applying either, we find that Autrey’s suit is time barred and, given the most liberal interpretation of the statutes, would have been so barred after he attained the age of twenty-four years, calculated by adding the three years provided in section 15 — 1— 49 to twenty-one years, the point in time when he attained his majority.
¶ 16. This brings us to the last observation regarding the effect of Mississippi Code Annotated section 91-1-15(3). Although we have determined that the trial judge did not err in dismissing Autrey’s complaint, we note that should Autrey survive his putative father, he may, traveling under the auspices of section 91-1-15(3), be finally able to answer the question regarding his paternity which has nagged him all of his life. Of course, that may be of little comfort to him. However, as previously observed, this section allows an illegitimate to seek a declaration of paternity for inheritance purposes within one year of the date of death of the putative father or within ninety days of the date of the first publication of the notice to creditors, whichever comes first.
¶ 17. For the reasons set forth herein-above, we find that the trial court did not err in dismissing Autrey’s complaint, notwithstanding the fact that — depending on his longevity, vis-’a-vis, that of his putative father — he may be able to accomplish at the death of his putative father what he cannot accomplish while he lives.
¶ 18. THE JUDGMENT OF THE CHANCERY COURT OF JACKSON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS AND GRIFFIS, JJ., CONCUR. CHANDLER, J., NOT PARTICIPATING.

. In Trimble v. Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977), the United States Supreme Court held, inter alia, that it was a denial of equal protection to deny illegiti-mates the right to inherit from both parents.

. When the woman's suit was brought, section 15-1-49 provided a six-year time period. That was changed by a later amendment to three years.