LEE, J.,
for the Court.
PROCEDURAL HISTORY AND FACTS
¶ 1. Phyllis D. Holloway and Jerrell. La-von Holloway were divorced on December 15, 1998, in the Hinds County Chancery Court. Under terms of the divorce, Jer-rell was required to pay Phyllis, among other things, lump sum alimony in the amount of $6,000,000, to be paid in installments of $500,000 per year for twelve consecutive years. The payments were due January 10 of each year, to commence January 10, 2000. Jerrell failed to make the payment due January 10, 2002. Phyllis filed a motion for contempt on January 16, 2002. Jerrell remitted a partial payment in the amount of $125,000 on January 25, 2002, with the remaining balance of $375,000 paid on May 25, 2002. After the July 16, 2002 hearing, the chancellor awarded Phyllis interest in the amount of $11,917.60 and attorney’s fees in the amount of $1,500. Phyllis now appeals to this Court, asserting that the chancellor abused her discretion in awarding Phyllis attorney’s fees of only $1,500.
DISCUSSION
¶ 2. The only issue on appeal is whether the chancellor abused her discretion in awarding Phyllis attorney’s fees of only $1,500. An award of attorney’s fees is generally left to the discretion of the chancellor. Gray v. Pearson, 797 So.2d 387(¶ 34) (Miss.Ct.App.2001). Furthermore, the chancellor’s findings on the issue of attorney’s fees will not be disturbed unless manifestly wrong. Cumberland v. Cumberland, 564 So.2d 839, 844 (Miss.1990).
¶3. In the final judgment, the chancellor found that Jerrell purged himself of contempt by paying in full the installment payment on May 25, 2002. The chancellor also found that Phyllis was entitled to reimbursement of her attorney’s fees “incurred in the prosecution of this Motion for Contempt Citation and therefore awards her the sum of $1,500.” In her brief, Phyllis relies upon Douglas v. Douglas, 766 So.2d 68 (Miss.Ct.App.2000), in which this Court stated:
We should not be heard to say that a party can clearly disregard a valid court order until contempt proceedings are filed against the offending party and just prior to trial gain exoneration by full compliance and escape any finding of contempt and charge of appropriate attorney’s fees. Attorneys and parties should not lull themselves into the false sense of security that because a divorced party who stands in contempt of a valid decree cures the contumacious conduct after an attorney is hired and a petition of contempt is filed but prior to the hearing, is insulated from an award of attorney’s fees.
Id. at (¶ 15). While we adhere to this statement, we must reinforce that the chancellor did not specifically find Jerrell to be in contempt. However, the chancellor did determine that Phyllis should be awarded some of her attorney’s fees in pursuing the contempt motion. We cannot find that the chancellor abused her discretion or was manifestly wrong in awarding Phyllis attorney’s fees in the amount of $1500.
¶ 4. THE JUDGMENT OF THE HINDS COUNTY CHANCERY COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., THOMAS, IRVING AND MYERS, JJ., CONCUR. GRIFFIS, J., DISSENTS WITH A SEPARATE WRITTEN OPINION JOINED BY SOUTHWICK, P.J., BRIDGES AND CHANDLER, JJ.