ISHEE, J., for the Court.
 

 ¶ 1. Clint Stokes filed a complaint in the Chancery Court of Monroe County against two brothers, Curley Camp (Curley) and Howard Camp (Howard), and Marty Tate
 
 [1]
 
 for trespass and wrongful cutting of timber on his land. The Camps filed a counterclaim asking the chancery court to declare an old wire fence to be the proper boundary line. The chancery court found in favor of the Camps and, thereafter, denied their claim for attorney’s fees and expert witness fees. Aggrieved, the Camps appeal and argue that it was error to deny the requested fees.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. Stokes owned a tract of land in Monroe County, Mississippi that adjoined another tract of land owned by Curley and Howard. On August 2, 2007, Stokes filed a complaint in the Chancery Court of Monroe County for trespass and wrongful cutting of timber under Mississippi Code Annotated section 95-5-10 (Rev.2004) against the Camp brothers and Tate, owner of Tate Logging. The Camps filed a counterclaim asking the chancery court to declare
 
 *698
 
 an old wire fence to be the proper boundary line between the parties’ tracts of land.
 

 ¶ 3. The primary issue at trial was ownership of the property from which the timber was removed. The deeds held by both Stokes and the Camps contained descriptions that overlapped the area in dispute. Stokes owned the tract of land to the east, and the Camps owned approximately sixty-four acres on the west side of Stokes’s land. A prior deed in Stokes’s chain of title, referred to as the Nichols deed, contained a reference to a crop fence, which designated that the crop fence was the property line between Stokes’s land and the Camps’ land. Some of the later documents in the chain of title may have omitted references to the crop fence. Stokes argued that the fence was not the boundary line, and he asked the chancery court to find that the Camps had trespassed and wrongfully cut his timber.
 

 ¶ 4. The chancery court found that “the west line of the property owned by Stokes is the east line of the adjoining real property owned by the Camps, and runs along the path of an old wire fence that has been previously recognized as the common boundary between the respective properties.” Therefore, the chancery court determined that the old wire fence was in fact the boundary line and denied Stokes’s petition for relief for the wrongful removal of timber. The Camps subsequently filed a motion to alter or amend the judgment and to assess attorney’s fees and expert witness fees as court costs pursuant to section 95-5-10, which the chancery court denied. The chancery court entered an amended judgment and explained that Mississippi Code Annotated section 95-5-10(3) did not apply to a successful defendant in a timber/trespass case filed pursuant to the statute.
 

 STANDARD OF REVIEW
 

 ¶ 5. “Statutory interpretation is a question of law, and we review questions of law de novo.”
 
 Autrey v. Parson,
 
 864 So.2d 294, 295(¶ 4) (Miss.Ct.App.2003) (quoting
 
 DePriest v. Barber,
 
 798 So.2d 456, 457-58(¶ 5) (Miss.2001)).
 

 DISCUSSION
 

 ¶ 6. The Camps argue that the chancery court erred in denying the requested fees as costs under section 95-5-10(3) and further erred in denying them an opportunity to present proof of their attorney’s fees and expert witness fees. They point out that section 95-5-10(3) provides that “[a]ll reasonable expert witness fees and attorney’s fees shall be assessed as court costs in the discretion of the court.” The Camps argue that, under a plain reading of subsection (3), it applies to both a successful plaintiff and a successful defendant. The Camps recognize that the chancery court had the discretion to refuse to award the fees; however, they argue that the court wholly failed to exercise its discretion when it determined that section 95-5-10(3) did not apply to a successful defendant. Their claim hinges on their allegation that this was not an issue of the chancery court abusing its discretion; instead, it was a case of the court incorrectly interpreting a statute.
 

 ¶ 7. The Camps further argue that only subsections (1) and (2) of section 95-5-10 limit relief to a wronged landowner whose timber was wrongfully cut. They point out that subsection (3) provides the chancellor discretion to award fees as costs without any limitations such as those contained in subsections (1) and (2). Under this reasoning, the Camps argue that the chancellor had the discretion to award costs to either side. Furthermore, the Camps argue that when section 95-5-10(3) is read in conjunction with Mississippi Rule of Civil
 
 *699
 
 Procedure 54(d), which provides that costs are generally recoverable by a prevailing party, they should be allowed to recover their fees as costs. The Camps claim that the chancery court should have allowed them the opportunity to present proof of them attorney’s fees and expert witness fees and that the court erred in denying their motion requesting such opportunity.
 

 ¶ 8. Mississippi Code Annotated section 95-5-10 is titled “Cutting trees without consent of owner.” In its entirety, section 95-5-10 provides the following:
 

 (1) If any person shall cut down, deaden, destroy or take away any tree without the consent of the owner of such tree, such person shall pay to the owner of such tree a sum equal to double the fair market value of the tree cut down, deadened, destroyed or taken away, together with the reasonable cost of reforestation, which cost shall not exceed Two Hundred Fifty Dollars ($250.00) per acre. The liability for the damages established in this subsection shall be absolute and unconditional and the fact that a person cut down, deadened, destroyed or took away any tree in good faith or by honest mistake shall not be an exception or defense to liability. To establish a right of the owner prima facie to recover under the provisions of this subsection, the owner shall only be required to show that such timber belonged to such owner, and that such timber was cut down, deadened, destroyed or taken away by the defendant, his agents or employees, without the consent of such owner. The remedy provided for in this section shall be the exclusive remedy for the cutting down, deadening, destroying or taking away of trees and shall be in lieu of any other compensatory, punitive or exemplary damages for the cutting down, deadening, destroying or taking away of trees but shall not limit actions or awards for other damages caused by a person.
 

 (2) If the cutting down, deadening, destruction or taking away of a tree without the consent of the owner of such tree be done willfully, or in reckless disregard for the rights of the owner of such tree, then in addition to the damages provided for in subsection (1) of this section, the person cutting down, deadening, destroying or taking away such tree shall pay to the owner as a penalty Fifty-five Dollars ($55.00) for every tree so cut down, deadened, destroyed or taken away if such tree is seven (7) inches or more in diameter at a height of eighteen (18) inches above ground level, or Ten Dollars ($10.00) for every such tree so cut down, deadened, destroyed or taken away if such tree is less than seven (7) inches in diameter at a height of eighteen (18) inches above ground level, as established by a preponderance of the evidence. To establish the right of the owner prima facie, to recover under the provisions of this subsection, it shall be required of the owner to show that the defendant or his agents or employees, acting under the command or consent of their principal, willfully and knowingly, in conscious disregard for the rights of the owner, cut down, deadened, destroyed or took away such trees.
 

 (8) All reasonable expert witness fees and attorney’s fees shall be assessed as court costs in the discretion of the court.
 

 ¶ 9. When a statute is plain on its face, there is no room for statutory construction.
 
 Harrison v. State,
 
 800 So.2d 1134, 1137(¶ 12) (Miss.2001). In addition, “[o]nly when a statute is unclear ... should we look beyond the language of the statute in determining the Legislature’s intent.”
 
 Id.
 
 (citing
 
 Kerr-McGee Chem. Corp. v. Buelow,
 
 670 So.2d 12, 17 (Miss.1995)). This
 
 *700
 
 Court has previously stated the following regarding statutory construction:
 

 The primary rule of construction is to ascertain the intent of the [L]egislature from the statute as a whole and from the language used therein. Where the statute is plain and unambiguous there is no room for construction, but where it is ambiguous[,] the court, in determining the legislative intent, may look not only to the language used but also to its historical background, its subject matter, and the purposes and objects to be accomplished.
 

 Autrey,
 
 864 So.2d at 295(¶ 4) (quoting
 
 De-Priest,
 
 798 So.2d at 458(¶ 5)).
 

 ¶ 10. While the statute grants trial courts the discretion in deciding whether to award costs, courts have generally reserved such an award for cases in which it was found that a trespasser willfully cut a landowner’s timber.
 
 See Stockstill v. Gammill,
 
 943 So.2d 35, 50(1130) (Miss. 2006) (affirming the trial court’s refusal of costs when the timber was cut by mistake). In the present case, the chancery court reasoned that “pursuant to the holding in
 
 Stockstill,
 
 section 95-5-10(3) does not
 
 per se
 
 mandate an award of attorney’s fees to a successful plaintiff and should be viewed as an additional remedy the trial court may, in its discretion, award to the wronged landowner.”
 

 ¶ 11. In
 
 Teasley v. Buford,
 
 876 So.2d 1070, 1074(¶2) (Miss.Ct.App.2004), the plaintiff alleged that the defendants trespassed on his land and removed several trees. The trial court found that section 95-5-10 was inapplicable because the plaintiff did not present sufficient evidence.
 
 Id.
 
 at 1081(¶ 27). On appeal, the plaintiff argued that the trial court erred by refusing to award him attorney’s fees pursuant to section 95-5-10(3).
 
 Id.
 
 This Court found no error with the trial court’s denial of attorney’s fees based on the fact that the statute was found to be inapplicable.
 
 Id.
 

 ¶ 12. When reading the statute as a whole, we agree with the chancery court that it was not the intent of the Legislature to permit fees to be recovered as costs by a successful defendant in a timber-cutting ease. When read alone, subsection (3) does not state who may recover the costs provided therein. However, the remainder of the statute creates a cause of action for an individual whose trees are wrongly cut by another person, and subsection (1) states that section 95-5-10 is the exclusive remedy for an individual whose trees are wrongly cut. We read nothing in the statute to indicate that the Legislature intended subsection (3) to allow a defendant to recover costs when there has been no wrongful cutting of the plaintiffs trees. When read in context with the remainder of the statute, we agree that subsection (3) provides an additional remedy of attorney’s fees and expert witness fees when a plaintiff succeeds in proving a wrongful cutting of his trees. As in
 
 Teasley,
 
 the statute was inapplicable; therefore, there was no basis on which to award costs under subsection (3). Accordingly, we find that the chancery court’s interpretation of the statute was correct and that this issue is without merit.
 

 ¶ 13. THE JUDGMENT OF THE CHANCERY COURT OF MONROE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
 

 KING, C.J., LEE AND MYERS, P.JJ, IRVING, GRIFFIS, BARNES, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . We will refer to the Camp brothers and Tate collectively as the Camps, unless it is necessary to distinguish the parties.