# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-SA-00669-COA

**ANDREW FRIDAY**                                                            **APPELLANT**

**v.**

**MISSISSIPPI DEPARTMENT OF HUMAN**                            **APPELLEE**
**SERVICES**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/26/2020 |
| TRIAL JUDGE: | HON. DENISE OWENS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | KENYA REESE MARTIN |
| ATTORNEYS FOR APPELLEE: | ALLYSON LEWIS BROCK JENNIFER ANN COLEMAN |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 08/17/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., McDONALD, McCARTY AND EMFINGER, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1.     Andrew Friday appeals from the order of the Hinds County Chancery Court adjudging him as the natural father of "Sam Foster"[1] and ordering him to pay one year of back child support.  Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     On September 24, 2017, the Mississippi Department of Human Services (MDHS) filed a "Complaint to Determine Paternity and for Other Relief" against Friday in the Hinds

---

[1] A pseudonym has been used to protect the child's identity.

County Chancery Court. Over a year later, the chancery court dismissed the complaint without prejudice for lack of prosecution.

¶3. On August 30, 2019, the MDHS re-filed the action ("second complaint"), asserting that Friday was the putative father of Sam, who was twenty years old at the time of the filing. A form signed by Sam's mother was attached to the filing, which alleged that Friday was the natural father. Sam's birth certificate, however, did not list anyone as the father. Special Master William Singletary ordered genetic testing on December 10, 2019, but Friday never submitted a DNA sample.

¶4. Friday subsequently filed a motion for reimbursement of costs, fees, and expenses and made an ore tenus motion to dismiss, which Special Master Singletary denied on June 24, 2020. Friday appealed the ruling that same day. Chancellor Denise Owens dismissed the appeal and allowed the matter to proceed for a hearing. Friday filed a motion for reconsideration on June 25, 2020, arguing that the chancellor's dismissal of his appeal was a violation of his due process rights.

¶5. A hearing was held before Chancellor Owens on July 7, 2020. Noting Sam had recently turned twenty-one, Friday's attorney argued that Sam was emancipated and that the paternity suit was time-barred.[2] Counsel for the MDHS contended that because Friday had not complied with the genetic testing ordered by the court, a rebuttable presumption of paternity existed. Chancellor Owens denied Friday's motion to reconsider but continued the proceedings in order to afford Friday another opportunity to provide a sample for genetic

___

[2] The parties were not present at the hearing.

testing.

¶6. A second hearing was held on August 26, 2020. Friday's counsel informed the chancery court that his client was "unwilling to voluntarily submit to paternity testing" and renewed the motion to dismiss. The court denied the motion to dismiss and entered a "Judgment Determining Paternity and Support," finding Friday to be Sam's natural father based on the mother's testimony. The chancery court ordered child support of $1,800 (to be paid at a rate of $200 a month),[3] court costs of $158, process-server fees of $75, and attorney's fees of $300.

¶7. Friday appeals, challenging the chancery court's subject matter jurisdiction to establish paternity and assess child support.[4] This argument is based on Friday's contention that Sam was emancipated at the time of the hearings and the court's ruling. He also claims that the chancery court's failure to consider Friday's request for reimbursement of attorney's fees and expenses was an abuse of discretion.

## STANDARD OF REVIEW

¶8. A chancellor's findings, "when supported by substantial evidence," will not be disturbed on appeal "unless the chancellor abused his discretion, applied an erroneous legal

---

[3] *See* Miss. Code Ann. § 93-9-11 (Rev. 2018) (limiting father's "liabilities for past education and necessary support and maintenance and other expenses . . . to a period of one (1) year next preceding the commencement of an action").

[4] Friday had filed a notice of appeal on June 25, 2020, the same day he filed his timely motion to reconsider. *See* M.R.C.P. 59. Mississippi Rule of Appellate Procedure 4(d) provides in part that "[i]f any party files a timely motion of a type specified immediately below the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding." Therefore, we find his appeal was timely filed.

3

standard, was manifestly wrong, or was clearly erroneous." *Greer v. Greer*, 312 So. 3d 414, 415 (¶6) (Miss. Ct. App. 2021) (quoting *Williams v. Williams*, 843 So. 2d 720, 722 (¶10) (Miss. 2003)).

## DISCUSSION

### I.  Whether the chancery court had subject matter jurisdiction.

¶9.  Mississippi Code Annotated section 93-11-65(1)(a) (Rev. 2018) provides that chancery courts "shall have jurisdiction to entertain suits for the custody, care, support and maintenance of minor children and to hear and determine all such matters[.]" Friday argues that the chancery court did not have subject matter jurisdiction over this paternity action because Sam had reached twenty-one years of age prior to hearings and the entry of the court's judgment, and the chancery court had "failed to determine whether [Sam] was emancipated."

¶10.  Under Mississippi Code Annotated section 93-9-9(1) (Rev. 2018), paternity "[p]roceedings may be *instituted* at any time until such child attains the age of twenty-one (21) years unless the child has been emancipated as provided in Section 93-5-23 and Section 93-11-65." (Emphasis added). There is no dispute that Sam was only twenty years old when the second complaint was filed, and no evidence was presented by either party to show that he was emancipated when the proceedings were "instituted." Nevertheless, Friday's counsel argued at the July 7, 2020 hearing that "there is no relief that can be granted once the child turns 21 without a paternity action being established." The chancery court rejected this argument, reasoning:

4

> I don't read [section 93-9-9] . . . to say it precludes once a proceeding has been instituted prior to the child being 21. I don't read [the statute] to preclude that the matter then would be dismissed. That would be all cases where you file before the statute of limitations runs, then when it runs, you say well, it has to be dismissed. . . . But here, we're talking about a proceeding that was instituted like the statute says prior to the age of 21.

We agree with the court's finding.

¶11. Friday claims that the MDHS "had an affirmative duty to present evidence" that Sam was not emancipated but has cited no authority in support of this argument. *See Daniels v. Bains*, 967 So. 2d 77, 84 (¶21) (Miss. Ct. App. 2007) (recognizing that the "[f]ailure to cite relevant authority obviates the appellate court's obligation to review such issues." (quoting *Bridges v. Kitchings*, 820 So. 2d 42, 49 (¶27) (Miss. Ct. App. 2002))). Further, "[t]he burden of proving the emancipation of a minor child by a parent is upon the person asserting it." 67A C.J.S. *Parent and Child* § 30 (2013). Friday—as the party arguing that Sam was emancipated—bore the burden of proof on this issue, not the MDHS.

¶12. Lastly, Friday asserts that "the action is statutorily time-barred." The only authority cited in support of this argument is *Johnson v. Ladner*, 563 So. 2d 1368, 1370 (Miss. 1990), which relied on now obsolete language from Mississippi Code Annotated section 93-9-9 (1972) requiring the mother to institute the paternity action before the child reaches one year of age.[5] In accordance with the statute's current language, we find that the MDHS properly

---

[5] The one-year requirement was deleted from the statute in 1989 when the statute was amended to state that paternity proceedings must be instituted before the child turns eighteen. *See* 1989 Miss. Laws ch. 438, § 1 (H.B. 523). This language was subsequently amended in 2008 to reflect the current language providing that paternity proceedings may be "instituted at any time" until the child turns twenty-one or is emancipated. *See* 2008 Miss. Laws ch. 426, § 1 (H.B. 524).

"instituted" the action before Sam turned twenty-one and was emancipated. Therefore, the second complaint was not time-barred, and the chancery court had subject matter jurisdiction over the action.

> **II.  Whether the chancery court's failure to make any findings on Friday's request for reimbursement of attorney's fees and expenses was an abuse of discretion.**

¶13.    Citing the factors set forth by the Mississippi Supreme Court in *McKee v. McKee*, 418 So. 2d 764, 767 (Miss. 1982),[6] Friday contends that the court failed to make any findings of fact regarding his request for reimbursement of attorney's fees and expenses. Specifically, he notes that the fees and expenses incurred also concerned the 2017 action, which was dismissed without prejudice as a result of the MDHS's delay. Friday thus asserts that the court's judgment should be vacated and reversed for a hearing on this issue.

¶14.    The MDHS argues that Friday has not shown that he was prejudiced by any delay in the proceedings, and the court was within its discretion to deny his request. We agree. As this Court has recognized, the decision whether to award attorney's fees "is generally left to the discretion of the chancellor [and] . . . will not be disturbed unless manifestly wrong." *Holloway v. Holloway*, 865 So. 2d 382, 383 (¶2) (Miss. Ct. App. 2003). Thus, "[w]e are

---

[6] These specific factors include

> the relative financial ability of the parties, the skill and standing of the attorney employed, the nature of the case and novelty and difficulty of the questions at issue, as well as the degree of responsibility involved in the management of the cause, the time and labor required, the usual and customary charge in the community, and the preclusion of other employment by the attorney due to the acceptance of the case.

*McKee*, 418 So. 2d at 767.

reluctant to disturb a chancellor's discretionary determination whether or not to award attorney's fees and of the amount of any award." *Brown v. Weatherspoon*, 101 So. 3d 173, 180 (¶22) (Miss. Ct. App. 2012) (quoting *Arthur v. Arthur*, 691 So. 2d 997, 1004 (Miss. 1997)). Furthermore, Mississippi Code Annotated section 93-9-45 (Rev. 2018) mandates that when a court determines paternity and orders support for the child, the defendant "shall be taxed" with the petitioner's legal fees. Finding it only logical that Friday, as the defendant to this paternity action, would *not* therefore be entitled to reimbursement of his own attorney's fees and expenses, we determine that the court's decision to deny Friday's motion for reimbursement of fees was not an abuse of discretion. Accordingly, we affirm the court's judgment.

¶15. **AFFIRMED.**

**CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**