LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. Brian Layne Pearson and Tammy Elizabeth Pearson were married on October 13, 1984, and separated on January 7, 2003. At the time of the separation, their two children were twenty-two years old and fifteen years old.
¶ 2. Tammy filed a complaint for divorce, alleging habitual cruel and inhuman treatment or, in the alternative, irreconcilable differences. Brian filed his answer/counter-eomplaint on the ground of adultery or, in the alternative, irreconcilable differences. On June 30, 2004, Tammy and Brian signed a consent to divorce on the ground of irreconcilable differences, and agreed to let the chancellor determine the value and division of the marital assets, alimony, and each party’s separate indebtedness, marital indebtedness, attorney’s fees, and court costs.
¶ 3. The final judgment of divorce was entered on August 18, 2004, and awarded Tammy rehabilitative alimony of $800 for thirty months, along with “33% of [Brian’s] pension for the years of [Brian’s] employment with Lockheed Martin up to March 8, 2003.” In the qualified domestic relations order (QDRO), the chancellor stated that Tammy’s interest should be valued as of March 8, 2003, to be paid to her on a ten-year “guaranteed payout.” Additionally, the chancellor stated, “[Brian] shall not be entitled to select a payment option in which [Tammy] will net less than $85,296.82 in total payable to [her]_”
¶4. On June 29, 2007, Brian moved for reconsideration of the QDRO, because the $85,296.82 award was “significantly more” than 33% of the March 8, 2003 value of Brian’s pension. Brian stated that the pension estimator that had been submitted to the chancellor was based on the January 31, 2012[1] value and not the March 8, 2003 value. Brian argued that as a result, the *268 QDRO did not accurately reflect the chancellor’s intent. Brian reasserted this position in his motion for a pretrial conference on December 15, 2008. Brian attached a letter from Lockheed Martin, stating that Brian’s estimated accrued benefit as of March 8, 2003, was “$596.86 per month, payable in the form of a Ten Year Certain and For Life Annuity at the earliest retirement age under the [pension], age 55 (01/01/2012).”
¶ 5. After a hearing on April 28, 2009, the chancellor issued an order denying Brian’s motion to reconsider, stating:
The Court finds in reviewing a transcript of the Court’s Bench Ruling that, in making said determination, it used a computer printout (pension estimator) at the trial, Exhibit 21, and that [Brian] had the ability to get someone from Lockheed Martin who was an expert to explain what it meant and what was vested in [Brian’s] (pension) at the time of trial, but did not do so. To do so now would require the Court to reconsider its entire equitable distribution of the marital property and debts[,] which it will not now do.
Brian filed his notice of appeal on June 1, 2009. He was laid off from Lockheed Martin on October 30, 2010, and, as a result, stopped contributing to his pension on that date.
STANDARD OF REVIEW
¶ 6. This Court only disturbs a chancellor’s findings if they are manifestly wrong or clearly erroneous or if the chancellor applied an incorrect legal standard. Stokes v. Campbell, 794 So.2d 1045, 1047-48 (¶ 9) (Miss.Ct.App.2001). “A chancellor’s conclusions of law are reviewed de novo.” Lowrey v. Lowrey, 25 So.3d 274, 285 (¶ 26) (Miss.2009).
DISCUSSION
¶ 7. The only issue on appeal is the value the chancellor used to determine Tammy’s 33% of Brian’s pension. Notification of the appeal was sent to Tammy’s attorney on June 1, 2009. However, Tammy did not file a brief in response. The Mississippi Supreme Court has stated:
Failure of an appellee to file a brief is tantamount to confession of error and will be accepted as such unless the reviewing court can say with confidence, after considering the record and brief of [the] appealing party, that there was no error. Where the appellant’s brief makes out an apparent case of error ..., we do not regard it as our obligation to look to the record to find a way to avoid the force of the appellant[’s] argument.
Dethlefs v. Beau Maison Dev. Corp., 458 So.2d 714, 717 (Miss.1984) (internal citations omitted). While automatic reversal is not required in cases where the appellee does not file a brief, “[t]he appellant’s argument should at least create enough doubt in the judiciousness of the trial court’s judgment that this Court cannot say with confidence that the case should be affirmed.” Selman v. Selvian, 722 So.2d 547, 551 (¶ 13) (Miss.1998) (internal quotation omitted).
¶ 8. Brian’s argument “create[s] enough doubt in the judiciousness of the [chancellor’s] judgment[.]” Id. The valuation the chancellor used was the January 31, 2012 value and not the March 8, 2003 value, which would have been consistent with the chancellor’s ruling in the final decree of divorce. Therefore, this case is reversed and remanded for a determination of the appropriate value of Brian’s pension as of March 8, 2003, which may or may not necessitate a reevaluation of the equitable distribution of marital assets and alimony by the chancellor.
*269 ¶ 9. THE JUDGMENT OF THE PEARL RIVER COUNTY CHANCERY COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR. GRIFFIS, P.J., CONCURS IN RESULT ONLY.

. The pension estimator was based on the month and year Brian planned to stop working, which was January 31, 2012.