# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-01545-COA

JOHN T. WALKER                                                     APPELLANT

v.

MARY M. WALKER                                                     APPELLEE

DATE OF JUDGMENT:               06/24/2013
TRIAL JUDGE:                    HON. DAVID SHOEMAKE
COURT FROM WHICH APPEALED:      JEFFERSON DAVIS COUNTY CHANCERY
                                COURT
ATTORNEYS FOR APPELLANT:        FELECIA PERKINS
                                JESSICA NICOLE AYERS
ATTORNEY FOR APPELLEE:          MARY M. WALKER (PRO SE)
NATURE OF THE CASE:             CIVIL - DOMESTIC RELATIONS
TRIAL COURT DISPOSITION:        GRANTED DIVORCE TO APPELLEE ON
                                THE GROUND OF HABITUAL CRUEL
                                AND INHUMAN TREATMENT
DISPOSITION:                    REVERSED AND REMANDED - 03/24/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., ISHEE AND FAIR, JJ.**

**ISHEE, J., FOR THE COURT:**

¶1.     John T. Walker and Mary M. Walker were married on July 6, 1988, and they separated in April 2011. On June 7, 2012, Mary filed for a divorce on the ground of habitual cruel and inhuman treatment or, in the alternative, irreconcilable differences. The Jefferson Davis County Chancery Court entered its judgment of divorce on July 1, 2013. The chancellor also entered a qualified domestic relations order (QRDO) on July 1, 2013. Aggrieved, John appeals asserting the following issues: whether the trial court erred when it denied John's

motion for findings of fact and conclusions of law; whether the trial court committed manifest error in granting Mary a divorce on the ground of habitual cruel and inhuman treatment; whether the trial court erred when it divided the marital assets and ordered John to pay permanent alimony, and to pay for Mary's housing, medical insurance, and uncovered medical costs; and whether the trial court erred when it ordered John to pay Mary's attorney's fees.

## FACTS AND PROCEDURAL HISTORY

¶2. John and Mary were married on July 6, 1988. While they were married, they had three children. John Walker Jr. was born on October 16, 1990, Essence Walker was born on May 30, 1995, and Malachi Walker was born on May 22, 2008. While they were married, John also was thought to have had two children that were the result of extramarital affairs, but they later discovered one of the children was not his. John and Mary separated in April 2011, and John moved out of the mobile home in which they had lived together as a family since 1995. He moved in with a female roommate, with whom John testified he did not have a romantic relationship, but simply paid her rent; however, he was unable to afford the rent, so he moved back in with his mother at her home.

¶3. In June 2011, John and Mary's daughter, Essence, developed an illness, which resulted in paralysis of her left side. Essence became bedridden and totally dependent on someone for all types of care. Because John's mother's house is not wheelchair accessible, Mary provides all of Essence's care. On June 7, 2012, Mary filed a complaint for divorce and sought temporary relief. A trial was held in March 2013, and the chancellor entered a

judgment of divorce on July 1, 2013.

## STANDARD OF REVIEW

¶4. When reviewing a chancellor's ruling, this Court utilizes a limited standard of review. *Stribling v. Stribling*, 906 So. 2d 863, 867 (¶13) (Miss. Ct. App. 2005). We will not reverse if the chancellor's findings are supported by substantial evidence. *Id*. This Court will not disturb a chancellor's findings unless they were manifestly wrong or clearly erroneous, or the chancellor applied an erroneous legal standard. *Id*.

## ISSUES

¶5. John submitted his appellant's brief asserting numerous issues on May 16, 2014; however, Mary did not file an appellee's brief in response. When an appellee fails to file a brief, this Court is left with two options:

> The first alternative is to take the appellee's failure to file a brief as a confession of error and reverse. This should be done when the record is complicated or of large volume and the case has been thoroughly briefed by the appellant with apt and applicable citation of authority so that the brief makes out an apparent case of error. The second alternative is to disregard the appellee's error and affirm. This alternative should be used when the record can be conveniently examined and such examination reveals a sound and unmistakable basis or ground upon which the judgment may be safely affirmed.

*Richardson v. Richardson*, 856 So. 2d 426, 428-29 (¶11) (Miss. Ct. App. 2003) (quoting *Miller v. Pannell*, 815 So. 2d 1117, 1119 (¶7) (Miss. 2002)). "While automatic reversal is not required in cases where the appellee does not file a brief, the appellant's argument should at least create enough doubt in the judiciousness of the trial court's judgment that this Court cannot say with confidence that the case should be affirmed." *Pearson v. Pearson*, 121 So.

3d 266, 268 (¶7) (Miss. Ct. App. 2013).

¶6. In order to determine whether John's argument "creates enough doubt in the judiciousness of the chancellor's judgment," *id*. at (¶8), we must analyze the issues before the Court.

### I. Whether the chancellor erred when he denied John's motion for findings of fact and conclusions of law.

¶7. John argues that the chancellor erred in denying his motion for findings of fact and conclusions of law. He contends that when the chancellor entered his judgment of divorce on July 1, 2013, he failed to make any general or specific findings of fact and conclusions of law on the following rulings: (1) granting the divorce on the ground of habitual cruel and inhuman treatment; (2) ordering that John pay Essence's $920.61 medical bill from Prentiss Family Practice; (3) ordering that John pay Essence's $504.30 medical bill; (4) ordering that John pay for Mary's knee injections; (5) ordering that John maintain medical insurance for Mary and the children, and that he pay any and all costs over the insurance; (6) awarding Mary one-half of John's retirement benefits from the U.S. Postal Service; (7) awarding Mary one-half of John's retirement benefits from the U.S. Military; (8) ordering John to pay Mary's current rent and to continue to pay each month up to $500 for future housing for Mary; (9) awarding John the marital home, but if it is sold, ordering him to split the profits with Mary; (10) awarding Mary periodic alimony of $400 each month, with the amount to change if Mary secures employment; and (11) awarding Mary $5,000 in attorney's fees.

¶8. "Where a chancellor has applied the correct legal standard and made findings of fact which are supported by substantial evidence, the appellate court will not reverse the

4

decision." *Swiderski v. Swiderski*, 18 So. 3d 280, 284 (¶10) (Miss. Ct. App. 2009). Specifically, John filed his motion for findings of fact and conclusions of law pursuant to Mississippi Rule of Civil Procedure 52. Rule 52(a) reads as follows: "In all actions tried upon the facts without a jury the court may, and shall upon the request of any party to the suit or when required by these rules, find the facts specially and state separately its conclusions of law thereon[,] and judgment shall be entered accordingly." This Court recently discussed Rule 52, and stated that it "requires a chancellor to make written finding of fact upon [the] request of a party." *McBride v. McBride*, 110 So. 3d 356, 361 (¶25) (Miss. Ct. App. 2013). "Unless the evidence is overwhelming, it is reversible error for the trial court to refuse, upon request by a party to the litigation, to make specific findings of fact and separately state the conclusions of law on which its decision is based." *Id.* (quoting *West v. West*, 891 So. 2d 203, 215 (¶35) (Miss. 2004)).

¶9. John filed a motion for findings of fact and conclusions of law on July 10, 2013, and the chancellor denied it in an order dated August 16, 2013. We agree with John that this was an error, and should have been done in accordance with Rule 52(a). Accordingly, we reverse and remand with regard to this issue.

>    **II.** **Whether the chancellor committed manifest error in granting Mary a divorce on the ground of habitual cruel and inhuman treatment.**

¶10. John next argues that the chancellor erred in granting Mary a divorce on the ground of habitual cruel and inhuman treatment. In order for a divorce to be granted on this ground, the claimant must show, by preponderance of the evidence, the following:

5

> [C]onduct that either endangers life, limb, or health, or creates a reasonable apprehension of such danger, rendering the relationship unsafe for the party seeking relief, or in the alternative, [is] so unnatural and infamous as to make the marriage revolting to the offending spouse and render it impossible for that spouse to discharge the duties of the marriage, thus destroying the basis for its continuance.

*Alexander v. Alexander*, 95 So. 3d 696, 699 (¶9) (Miss. Ct. App. 2012). The Mississippi Supreme Court requires more "than mere unkindness, rudeness, or incompatibility to support the granting of a divorce on the ground of cruel and inhuman treatment." *Anderson v. Anderson*, 54 So. 3d 850, 852 (¶10) (Miss. Ct. App. 2010). In determining whether the conduct reaches the level of cruel and inhuman treatment, the chancellor must consider the conduct of the offending spouse and the impact of that conduct upon the claimant. *Fisher v. Fisher*, 771 So. 2d 364, 367 (¶10) (Miss. 2010). Finally, "there must be corroboration of the complaining party's testimony" for a divorce based upon habitual cruel and inhuman treatment. *Anderson*, 54 So. 3d at 852 (¶10) (quoting *Chapel v. Chapel*, 700 So. 2d 593, 597 (Miss. 1997)).

¶11. John asserts that the chancellor did not have enough evidence to support his findings. He points out that the only witnesses during the trial were John and Mary. We agree with John that the record is convoluted and riddled with uncorroborated testimony. As such, we reverse and remand to the chancellor for further findings as to this issue.

**III. Whether the chancellor erred when he divided the marital assets and ordered John to pay permanent alimony, to pay for Mary's housing, to pay for medical insurance, and to pay for uncovered medical costs.**

¶12. John also argues that the chancellor erred in dividing the marital assets and in

6

assigning the expenses for which John was responsible. His primary argument is that the trial court failed to consider all applicable factors from *Ferguson v. Ferguson*, 639 So. 2d 921, 928 (Miss. 1994), or to rule that any of the factors were not applicable. With regard to this issue, the law in Mississippi is clear:

> Factor tests, such as provided in *Ferguson* for property division and *Armstrong v. Armstrong*, 618 So. 2d 1278 (Miss. 1993), for alimony, must be considered on the record in every case. These factor considerations are not only essential for appellate purposes, but also for trial courts, as they provide a checklist to assist in the accuracy of their rulings. Following these guidelines reduces unintended errors that may affect the court's ultimate decision. The absence of an analysis of these factors and failure to apply the law to the facts at hand create error.

*Heimert v. Heimert*, 101 So. 3d 181, 187 (Miss. Ct. App. 2012) (quoting *Lowrey v. Lowrey*, 25 So. 3d 274, 280 (¶7) (Miss. 2009)). Upon review of the record, it appears the chancellor based everything on John's pay stub. There is no mention of *Ferguson* or *Armstrong*, nor was there an analysis of any of the aforementioned factors. We, therefore, reverse and remand for the chancellor to make a more in depth analysis on the record.

**IV.    Whether the chancellor erred when he ordered John to pay attorney's fees.**

¶13.    John's final argument is that the chancellor erred in ordering him to pay Mary's $5,000 in attorney's fees. "The award of attorney's fees in divorce cases is left to the discretion of the chancellor, assuming he follows the appropriate standards." *Speights v. Speights*, 126 So. 3d 76, 81 (¶15) (Miss. Ct. App. 2013) (quoting *Creekmore v. Creekmore*, 651 So. 2d 513, 520 (Miss. 1995)). Attorney's fees are typically only awarded if the requesting party has established his or her inability to pay. *Id*. "An award of attorney's fees

should be fair and should only compensate for services actually rendered after it has been determined that the legal work charged for was reasonably required and necessary." *Jordan v. Jordan*, 105 So. 3d 1130, 1135 (¶20) (Miss. Ct. App. 2012) (citation omitted).

¶14.    Upon review of the record, we find that the chancellor made insufficient findings as to whether the attorney's fees were fair and reasonable in this case. Without adequate information in the record, we are unable to affirm the judgment at this time. We, therefore, reverse and remand this portion of the judgment for a proper assessment of Mary's attorney's fees.

**CONCLUSION**

¶15.    In conclusion, we return to the issue that Mary failed to file an appellee brief. We do not find that the record is such that it "can be conveniently examined and such examination reveals a sound and unmistakable basis or ground upon which the judgment may be safely affirmed." *Richardson*, 856 So. 2d 429 (¶11). Rather, we are of the opinion that John's argument "creates enough doubt in the judiciousness of the chancellor's judgment[.]" *Pearson*, 121 So. 3d at 268 (¶7). For this reason, we reverse and remand to the Jefferson Davis County Chancery Court.

¶16.    **THE JUDGMENT OF THE JEFFERSON DAVIS COUNTY CHANCERY COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.**

   **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR. CARLTON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**