IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

NO. 2015-CA-00500-COA

STEPHANIE ELAINE DUPREE                                      APPELLANT

v.

PATRICK RAY PAFFORD                                            APPELLEE

DATE OF JUDGMENT:              06/06/2014
TRIAL JUDGE:                   HON. PERCY L. LYNCHARD JR.
COURT FROM WHICH APPEALED:     PANOLA COUNTY CHANCERY COURT,
                               SECOND JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:        JOE MORGAN WILSON
ATTORNEY FOR APPELLEE:         PATRICK RAY PAFFORD (PRO SE)
NATURE OF THE CASE:            CIVIL - DOMESTIC RELATIONS
TRIAL COURT DISPOSITION:       APPELLANT FOUND TO BE IN
                               CONTEMPT; ATTORNEY'S FEES
                               AWARDED
DISPOSITION:                   AFFIRMED IN PART; REVERSED AND
                               RENDERED IN PART; REMANDED:
                               09/06/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

     BEFORE LEE, C.J., CARLTON AND FAIR, JJ.

     FAIR, J., FOR THE COURT:

¶1.    Stephanie Dupree and Patrick Pafford had a child out of wedlock in 2008. An order

was entered in 2009 establishing paternity and setting out child support and visitation

arrangements. The case again came before the chancery court in 2014, on competing

motions for contempt and on Patrick's motion to modify custody.

¶2.    After a hearing, the chancellor denied Patrick's modification action and denied

Stephanie's motion for contempt. However, he found Stephanie in contempt for violating

discovery orders and for refusing visitation. She was ordered to pay approximately $16,000

in attorney's fees. Stephanie has appealed from that judgment.

## STANDARD OF REVIEW

¶3.     Patrick failed to file an appellee's brief. This does not necessarily require reversal of

the chancellor's judgment, however. In *Rogillio v. Rogillio*, 101 So. 3d 150, 153 (¶12) (Miss.

2012), the Mississippi Supreme Court explained:

> [F]ailure of an appellee to file a brief is tantamount to confession of error and
> will be accepted as such unless the reviewing court can say with confidence,
> after considering the record and brief of [the] appealing party, that there was
> no error. Automatic reversal is not required where the appellee fails to file a
> brief. However, the appellant's argument should at least create enough doubt
> in the judiciousness of the trial court's judgment that this Court cannot say
> with confidence that the case should be affirmed.

(Internal citations and quotation marks omitted). Furthermore:

> When matters on appeal touch the welfare of a minor child, then regardless of
> whether a party filed a brief, this Court will reach the merits of the issues in
> this appeal, though we proceed unaided by a brief from the appellee . . . . If
> the record is large or complicated and [the appellant] thoroughly briefed the
> issues, provided applicable citations of authority, and presented an apparent
> case of error, then we should consider [the appellee's] failure to file a brief as
> his confession of error and reverse the chancellor's judgment. But if the
> record can be conveniently examined, and the record reveals a sound and
> unmistakable basis or ground upon which the judgment may be safely
> affirmed, then we should disregard the fact that [the appellee] failed to file a
> brief.

*Roberts v. Roberts*, 110 So. 3d 820, 825 (¶¶10-11) (Miss. Ct. App. 2013) (internal citations

and quotation marks omitted).

¶4.     We also recognize that the chancellor's findings of fact should be affirmed when

supported by substantial credible evidence. *Id.* at 824 (¶9). "This Court only disturbs a chancellor's findings if they are manifestly wrong or clearly erroneous or if the chancellor applied an incorrect legal standard." *Pearson v. Pearson*, 121 So. 3d 266, 268 (¶6) (Miss. Ct. App. 2013) (citation omitted). Conclusions of law, however, are reviewed de novo. *Id.*

## DISCUSSION

### 1. Attorney's Fees

¶5. In her first four issues, Stephanie contends that the chancellor erred in awarding attorney's fees to Patrick. We will address these contentions together because they are interrelated.

¶6. We first address Stephanie's claim that the chancellor erred by denying her a second hearing on the question of the amount of the attorney's fees. She claims the right to a second hearing based on her attorney's statement at the hearing that he had no objection to admitting Patrick's attorney's affidavit and time sheets into evidence, but with the reservation that he could cross-examine Patrick's attorney about their content at some later time. Ultimately, the hearing concluded without the subject coming up again.

¶7. Stephanie did not clearly request that the chancellor bifurcate the hearing, nor did the chancellor indicate that he intended to do so. If Stephanie wished to contest the attorney's affidavit and time sheets, she should have done so at the hearing when the opportunity was offered. No error has been shown on this point.

¶8. Next, Stephanie contends that the chancellor erred in finding the fees to be reasonable.

She makes two distinct arguments here, and the first is easily disposed of: Stephanie contends that the chancery court was required to find that Patrick was unable to pay his own attorney's fees. This is simply not required when a finding of contempt has been made:

> When a party is held in contempt for violating a valid judgment of the court, attorney's fees should be awarded to the party that has been forced to seek the court's enforcement of its own judgment. The award may be assessed against the offending party without regard to the recipient's inability to pay.

*Caldwell v. Atwood*, 179 So. 3d 1210, 1217 (¶26) (Miss. Ct. App. 2015) (citations and internal quotation marks omitted).

¶9. Stephanie next contends that the chancellor failed to adequately determine the reasonableness of the fees claimed by Patrick's attorney. The record reflects that the chancellor expressly found the fees to be reasonable. While Stephanie faults the chancellor for not going into detail, detailed findings are not required if the award of fees is, in fact, reasonable. *West v. West*, 88 So. 3d 735, 747 (¶¶57-58) (Miss. 2012). On that point, Stephanie offers nothing other than her assertion that many of the fees were "generated by totally needless litigation" resulting from Patrick's motion for custody modification, which, according to Stephanie, delayed the hearing on the contempt issue and resulted in multiple contempt motions being filed.

¶10. "An award of attorney's fees in domestic cases is largely a matter entrusted to the sound discretion of the trial court. Unless the chancellor is manifestly wrong, his decision regarding attorney['s] fees will not be disturbed on appeal ." *Gaiennie v. McMillin*, 138 So. 3d 131, 137 (¶15) (Miss. 2014) (internal citation and quotation marks omitted). Stephanie

4

has failed to show an abuse of discretion regarding the reasonableness of the attorney's fee awards.

¶11.    Finally, Stephanie argues that the chancellor erred in finding her in willful contempt for denying visitation.  She bases this argument on her own testimony at trial, to the effect that Patrick mostly declined to exercise visitation of his own volition.  Patrick contradicted this testimony, and he was quite detailed as to numerous incidents where Stephanie refused to allow him court-ordered visitation.  Stephanie, for her part, even admitted to denying visitation on some of those occasions.

¶12.    It is the chancellor, not this Court, who "sits as a fact-finder in resolving factual disputes, and is the sole judge of the credibility of witnesses." *Lowrey v. Lowrey*, 25 So. 3d 274, 297 (¶59) (Miss. 2009).  We find no error in the finding of contempt.

### 2.  Patrick's Contempt

¶13.    In her final issue, Stephanie contends that the chancellor erred in not finding Patrick in contempt for failing to make timely child-support payments.  The chancellor found that Stephanie's testimony on the point was confused and that she "was unable to say what amount was owed to her and was unable to say what amount had been paid."  Stephanie concedes that this may be accurate as to the day of the hearing, but she points out that the testimony was uncontradicted that Patrick had failed to pay substantial sums of child support when they were due.  There was a six-month period where no support was paid, which Patrick attributed to being unable to find Stephanie; but once he did find her, he did not pay

5

the arrearage for years. Patrick also habitually underpaid his $550 per month obligation, paying approximately $231 every two weeks, which he attributed to a third party's error in calculating the amount withheld from his salary. But instead of paying the difference every month, Patrick paid it intermittently.

¶14.    This Court has said:

> We should not be heard to say that a party can clearly disregard a valid court order until contempt proceedings are filed against the offending party and just prior to trial gain exoneration by full compliance and escape any finding of contempt and charge of appropriate attorney's fees. Attorneys and parties should not lull themselves into the false sense of security that because a divorced party who stands in contempt of a valid decree cures the contumacious conduct after an attorney is hired and a petition of contempt is filed but prior to the hearing, is insulated from an award of attorney's fees.

*Holloway v. Holloway*, 865 So. 2d 382, 383 (¶3) (Miss. Ct. App. 2003) (quoting *Douglas v. Douglas*, 766 So. 2d 68, 72-73 (¶15) (Miss. Ct. App. 2000)). As we said in *Caldwell v. Caldwell*, 823 So. 2d 1216, 1222 (¶24) (Miss. Ct. App. 2002), support orders "require nothing less than full and complete compliance."

¶15.    Given our standard of review following Patrick's failure to file a brief, and because nothing in the record suggests that Patrick's failure to make the support payments in a timely manner was anything less than willful, we reverse the chancellor's judgment on this issue and render a finding of contempt. We remand the case for the chancery court to consider an award of attorney's fees and costs.

¶16.    **THE JUDGMENT OF THE CHANCERY COURT OF PANOLA COUNTY, SECOND JUDICIAL DISTRICT, IS AFFIRMED IN PART, REVERSED AND RENDERED IN PART, AND THIS CASE IS REMANDED FOR FURTHER**

**PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, WILSON AND GREENLEE, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**