# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-00977-COA

**TASHA MICHELLE FOX**                                                                 **APPELLANT**

**v.**

**WILLIAM JEREMIAH FOX**                                                                 **APPELLEE**

DATE OF JUDGMENT:              06/13/2016
TRIAL JUDGE:                  HON. KENNETH M. BURNS
COURT FROM WHICH APPEALED:    LOWNDES COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:       CARRIE A. JOURDAN
ATTORNEY FOR APPELLEE:        NONE
NATURE OF THE CASE:           CIVIL - DOMESTIC RELATIONS
TRIAL COURT DISPOSITION:      DENIED MOTION TO SET ASIDE PRIOR
                              JUDGMENT; FOUND APPELLANT IN
                              CIVIL AND CRIMINAL CONTEMPT
DISPOSITION:                  AFFIRMED IN PART AND VACATED IN
                              PART: 07/18/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE GRIFFIS, P.J., FAIR, WILSON AND WESTBROOKS, JJ.

### FAIR, J., FOR THE COURT:

¶1.     Tasha Fox appeals a decision of the Lowndes County Chancery Court denying her

Rule 60(b)[1] motion to set aside a prior decision granting her ex-husband, William Fox,

unsupervised visitation with the couple's nine-year-old son.  We find no merit to that

contention.  However, we agree that the chancery court erred in finding Tasha in criminal

contempt for violating the visitation order, as Tasha was not afforded various procedural

safeguards required to support a finding of criminal contempt.  To the extent that Tasha was

---

[1] M.R.C.P. 60(b).

found in criminal contempt, the chancery court's judgment is vacated.

## STANDARD OF REVIEW

¶2.     William did not file an appellee's brief, but that does not necessarily require reversal of the chancellor's judgment. In *Rogillio v. Rogillio*, 101 So. 3d 150, 153 (¶12) (Miss. 2012), the Mississippi Supreme Court explained:

> [F]ailure of an appellee to file a brief is tantamount to confession of error and will be accepted as such unless the reviewing court can say with confidence, after considering the record and brief of [the] appealing party, that there was no error. Automatic reversal is not required where the appellee fails to file a brief. However, the appellant's argument should at least create enough doubt in the judiciousness of the trial court's judgment that this Court cannot say with confidence that the case should be affirmed.

(Internal citations and quotation marks omitted).  Furthermore:

> When matters on appeal touch the welfare of a minor child, then regardless of whether a party filed a brief, this Court will reach the merits of the issues in this appeal, though we proceed unaided by a brief from the appellee. . . . If the record is large or complicated and [the appellant] thoroughly briefed the issues, provided applicable citations of authority, and presented an apparent case of error, then we should consider [the appellee's] failure to file a brief as his confession of error and reverse the chancellor's judgment. But if the record can be conveniently examined, and the record reveals a sound and unmistakable basis or ground upon which the judgment may be safely affirmed, then we should disregard the fact that [the appellee] failed to file a brief.

*Roberts v. Roberts*, 110 So. 3d 820, 825 (¶¶10-11) (Miss. Ct. App. 2013) (internal citations and quotation marks omitted).

¶3.     The chancellor's findings of fact should still be affirmed when supported by substantial credible evidence.  *Id.* at 824 (¶9).  "This Court only disturbs a chancellor's

2

findings if they are manifestly wrong or clearly erroneous or if the chancellor applied an incorrect legal standard." *Pearson v. Pearson*, 121 So. 3d 266, 268 (¶6) (Miss. Ct. App. 2013) (citation omitted). Conclusions of law, however, are reviewed de novo. *Id.*

**DISCUSSION**

### 1. Rule 60(b) Motion

¶4. In her first issue, Tasha contends that the chancery court erred in denying her Rule 60(b) motion to set aside a prior judgment granting William unsupervised visitation with the child. Her argument is divided between two points: she asserts that the court should have set aside its visitation order based on the child's fragile emotional condition, and that it should have found that William had failed to meet a condition of unsupervised visitation, specifically that he complete an alcohol and drug assessment.

¶5. It is unclear how these contentions are supposed to show that Tasha was entitled to relief under Rule 60(b), which can be granted only on certain specified grounds. Tasha's brief on both of these contentions is cursory; she devotes only a paragraph to each, and she cites no authority for either beyond the appellate standard of review for a Rule 60(b) motion. "Failure to cite to relevant authority results in a waiver of the issue on appeal." *Bennett v. State*, 933 So. 2d 930, 953 (¶86) (Miss. 2006).

### 2. Criminal Contempt

¶6. The record reflects that the chancellor found Tasha to be in both civil and criminal contempt for her refusal to allow William visitation under the April 2015 order. The

chancellor sentenced Tasha to three days' imprisonment, suspended on the condition that she surrender the child to William for a two-week visitation in July 2016. Tasha does not contest the finding of civil contempt.

¶7. On this point, we agree: William's petition only alleged civil contempt, and Tasha was not afforded any of the procedural protections required to support a conviction of criminal contempt. *See In re McDonald*, 98 So. 3d 1040, 1042-45 (¶¶4-12) (Miss. 2012). We vacate the chancellor's finding of criminal contempt.

¶8. **AFFIRMED IN PART AND VACATED IN PART.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**