# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CA-00808-COA

**BRIANNEE LEE EAGLIN A/K/A BRI'ANNEE EAGLIN**  APPELLANT

v.

**JEREMY KENNARD BURSE**  APPELLEE

DATE OF JUDGMENT: 06/14/2024
TRIAL JUDGE: HON. TAMETRICE EDRICKA HODGES
COURT FROM WHICH APPEALED: HINDS COUNTY CHANCERY COURT, FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT: JOHN S. GRANT IV
ATTORNEY FOR APPELLEE: JEREMY KENNARD BURSE (PRO SE)
NATURE OF THE CASE: CIVIL - CUSTODY
DISPOSITION: REVERSED AND REMANDED - 11/18/2025
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., EMFINGER AND LASSITTER ST. PÉ, JJ.**

**LASSITTER ST. PÉ, J., FOR THE COURT:**

¶1. Jeremy Burse and Briannee Eaglin share a child, Jamie Burse.[1] In August 2023, Burse filed an emergency petition for child custody, support, and visitation. In December, the Hinds County Chancery Court issued an order granting Burse temporary custody of Jamie. In January 2024, Eaglin's attorney entered an appearance and responded to Burse's petition.

¶2. In February, Eaglin filed through Mississippi Electronic Courts (MEC) a notice of service showing that Burse had been sent interrogatories and requests for documentation via his counsel's email. Although the email address listed on MEC for Burse's counsel was

---

[1] An alias is used to protect the identity of the minor child.

correct, Eaglin made a typo in the email address when sending the documents, so Burse's counsel did not receive them. A few days later, Eaglin filed on MEC another notice of service of a first set of requests for admissions and again sent them via email to the wrong address. Burse did not respond to these requests, so in April, Eaglin filed a motion to compel through MEC. The motion to compel was not set for a hearing.[2]

¶3.     Eaglin still had not received any responses from Burse. With twelve days left before the scheduled trial, Eaglin filed a motion in limine, a second motion to compel, and a motion for a continuance. Eaglin argued that she still had not received any responses from Burse and that even if Burse were able to provide them before the hearing, "irreparable harm and prejudice" would occur if the chancery court did not "exclude all testimony and evidence requested in the discovery [Burse] has not answered."

¶4.     Two days before the hearing, Burse filed a motion for a continuance, which Eaglin joined. The motion alleged that there had been "an unintentional misdirection of communications" between counsel. The motion requested a continuance "to ensure that each party has an opportunity to be heard in a meaningful and complete manner" to avoid "undue prejudice to the claims of [both] part[ies]" and to aid the chancery court in determining the best interest of the child.

¶5.     At the hearing, Eaglin's counsel explained that he had joined Burse's motion to continue because a typo in Burse's counsel's email address caused her to not receive the previous requests for admissions and interrogatories. Eaglin's counsel said that he had added

---

[2] Eaglin's counsel tried to have the motion set for a hearing, but the chancellor's court administrator told him there were no available dates before an already-scheduled hearing.

an extra letter to the email address and that the emails had never "bounced back" to him. After this explanation, the chancery court asked if counsel wanted to address the other pending motions—the motion to compel and motion in limine—but Eaglin's counsel said he did not know if he could argue them in good faith since he had joined Burse's motion for a continuance.

¶6. The court responded, "All right. Motion for continuance is denied. We're going to move forward today."

¶7. Burse's counsel then explained that her motion to continue had been filed in good faith because she believed Eaglin had tried to get the information and that they were not trying to delay the court. Burse's counsel noted that she had not had an opportunity to respond to Eaglin's requests, and she did not believe she could present Burse's interests to the best of her ability.

¶8. The court still denied the motion to continue.

¶9. At that point, Eaglin's counsel argued for his motion in limine to be ruled upon, arguing that even without the email typo, counsel should have received notice of the requests on MEC. Burse's counsel said she did receive MEC notifications, but she had been expecting to receive Eaglin's filings via email, so she had not checked MEC. Burse's counsel explained that she realized her mistake once she began preparing for trial and saw Eaglin's most recent motion—the motion in limine—on the docket on MEC. Burse's counsel said she did not believe that any of the motions to compel or continue were a "stall tactic."

¶10. Following a brief recess, the court addressed Eaglin's motion in limine. Burse's

counsel explained that the first time she had seen Eaglin's interrogatories and request for documents was five days before the hearing, when she found the motion in limine filed on MEC. Burse's counsel explained that she called Eaglin's counsel, and they agreed that a continuance would be the best way to handle the problem, as neither believed the other had been acting in bad faith.

¶11. However, the chancery court noted that notices of service and motions had been filed on MEC, and Burse's counsel should have checked the docket for them when they were filed. The court also noted that Burse's counsel had not tried to comply with the requests by speaking to her client. The court declared that Burse's counsel was unprepared for trial and that despite Burse's counsel not responding to discovery requests, Eaglin was prepared and ready. Eaglin still requested that the motion in limine be granted.

¶12. The court ruled that it would still deny the motion to continue because the court did not "make [its] decisions based on an attorney being unprepared." The court also denied Eaglin's motion to compel and motion in limine and said the court would "give the parties wide latitude to develop their cases." The court directed the parties to object at any moment they felt there was unfair surprise or prejudice.

¶13. When the first non-party witness was called, Eaglin objected that the witness had not been disclosed and was a "complete surprise." The court responded that the witness "is here to testify. So you'll have an opportunity to engage in a full cross of this witness. Furthermore, let me remind you once more that the court did deny your motion to compel and your motion in limine as I am giving both parties . . . a great deal of latitude throughout this trial today."

4

¶14. Eaglin objected to two of the next four witnesses for the same reason and objected to the admission of one exhibit that had not been disclosed before trial. All objections were overruled.

¶15. Following a hearing, the chancery court awarded physical custody to Burse, joint legal custody, and visitation rights to Eaglin. The chancery court also ordered Eaglin to pay $425 each month in child support and to pay health insurance for Jamie. Burse and Eaglin were to split school fees, extracurricular activity fees, and any unpaid medical bills. Burse was allowed to claim Jamie as a dependent for tax purposes.

**ANALYSIS**

¶16. We first note that Burse did not file a brief. When an appellee fails to file a brief, we have two options:

> The first alternative is to take the appellee's failure to file a brief as a confession of error and reverse. This should be done when the record is complicated or of large volume and the case has been thoroughly briefed by the appellant with apt and applicable citation of authority so that the brief makes out an apparent case of error. The second alternative is to disregard the appellee's error and affirm. This alternative should be used when the record can be conveniently examined and such examination reveals a sound and unmistakable basis or ground upon which the judgment may be safely affirmed.

*Walker v. Walker*, 210 So. 3d 996, 998-99 (¶5) (Miss. Ct. App. 2015); *cf. In re C.T.*, 228 So. 3d 311, 315 (¶5) (Miss. Ct. App. 2017) ("When matters on appeal touch the welfare of a minor child, then regardless of whether a party filed a brief, this Court will reach the merits of the issues in [the] appeal, though we proceed unaided by a brief from the appellee."). "Here, the record is not complicated or voluminous. The error, however, is apparent."

5

*McGrew v. McGrew*, 184 So. 3d 302, 306 (¶11) (Miss. Ct. App. 2015). After a review of the record, we conclude that the chancery court erred by denying the joint motion for a continuance and by allowing Burse to introduce evidence that should have been disclosed in response to Eaglin's discovery requests. Since no appellee's brief was filed and the appellant presented a case of apparent error, we reverse the chancery court's decision. *Id.*

¶17. Looking at the record and statements made by counsel during the hearing, it is clear that Eaglin made repeated and good faith efforts to secure Burse's responses to her discovery requests. Burse's counsel filed the motion to continue because she recognized her role in failing to respond to the discovery requests. Both attorneys explained that they were not able to present their clients' cases to the best of their abilities and that neither was seeking to delay the hearing in bad faith. Instead of recognizing this, the court denied the motion to continue without further explanation.

¶18. Eaglin then argued that if the court would not continue the matter, it should limit what evidence and witnesses Burse could present. When addressing Eaglin's motion in limine, the court chastised Burse's counsel for not seeing Eaglin's filings earlier on MEC and for not trying to comply with the requests before seeking a continuance. The court's statements seem to indicate unhappiness with Burse's counsel's unpreparedness. Yet the court denied the motion in limine and announced the parties would have "wide latitude" to put on their cases. During the hearing, the court overruled each of Eaglin's objections to the evidence or witness on the ground that they had not been disclosed.

¶19. By denying the continuance and denying Eaglin's motion in limine, the chancery court

allowed Burse to present his case unimpeded.[3] These rulings resulted in Burse being awarded physical custody and Eaglin receiving visitation. While the polestar consideration in any child custody case is the best interest of the child, it is impossible to know in this case if the outcome would have been the same had Eaglin had a fair opportunity to prepare for Burse's evidence and witnesses. *But see Gilcrease v. Gilcrease*, 918 So. 2d 854, 859 (¶¶8-9) (Miss. Ct. App. 2005) (affirming custody determination despite evidentiary errors because "[c]hild custody is a judicial determination" and not "merely [an] evidentiary matter"). Much of the chancellor's application of the *Albright*[4] factors in this case relied extensively on the evidence presented by Burse's witnesses, particularly on the topic of who had been Jamie's primary caretaker. Eaglin was completely unprepared and blindsided by the evidence given by Burse's witnesses. But for the chancellor's evidentiary rulings, Eaglin may well have been able to effectively combat the claims made by Burse's witnesses. Put simply, based on this underdeveloped record, we cannot determine whether giving Burse custody of Jamie is actually in Jamie's best interest.

¶20.    Given these facts and the appellant's brief, "with apt and applicable citation of authority," we find that the court's denial of the motion to continue, coupled with the denial of the motion in limine, was an abuse of discretion. *Walker*, 210 So. 3d at 998-99 (¶5). We reverse the order and remand for further proceedings consistent with this opinion in the

_____

[3] Indeed, before ruling from the bench, the chancellor apologized to Burse's counsel for saying she was not prepared because counsel had "proved throughout this trial that [she had] been more than prepared."

[4] *Albright v. Albright*, 437 So. 2d 1003 (Miss. 1983).

Hinds County Chancery Court.

¶21.    **REVERSED AND REMANDED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., McDONALD, LAWRENCE, McCARTY, EMFINGER AND WEDDLE, JJ., CONCUR. WESTBROOKS, J., NOT PARTICIPATING.**