# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-CA-01622-SCT

*LESLIE B. SHUMAKE, JR.*

*v.*

*KATARINA SITTON SHUMAKE*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/15/2015 |
| TRIAL JUDGE: | HON. ROBERT L. LANCASTER |
| TRIAL COURT ATTORNEYS: | SABRINA D. HOWELL |
| | L. C. JAMES |
| | DANNA ALBERT O'BRIEN |
| | A. E. (RUSTY) HARLOW, JR. |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | LESLIE B. SHUMAKE, JR. (PRO SE) |
| | A. E. (RUSTY) HARLOW, JR. |
| ATTORNEY FOR APPELLEE: | T. JACKSON LYONS |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED IN PART, REVERSED IN PART AND REMANDED - 05/25/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DICKINSON, P.J., KITCHENS AND COLEMAN, JJ.**

**KITCHENS, JUSTICE, FOR THE COURT:**

¶1.    Leslie Shumake appeals the judgment of the Chancery Court of DeSoto County that found him in contempt for failure to pay his alimony obligations, denied his motion to modify alimony, and placed an equitable lien on his law practice to secure the payment of future alimony. Mr. Shumake argues that the chancellor erred by imposing the equitable lien, abused his discretion by failing to grant the motion to modify alimony, erred by rejecting his inability-to-pay defense to the contempt action, erred in the award of attorney fees, and erred

by awarding Ms. Shumake the unpaid balance of the arrearage on the parties' former first mortgage.

¶2.    We affirm on all issues except the chancellor's award of attorney fees for Ms. Shumake's successful contempt action. We reverse the attorney fee award and remand for the chancellor to subtract the fees attributable to Ms. Shumake's defense of Mr. Shumake's modification action.

**FACTS**

¶3.    The parties were divorced by a final judgment entered on February 20, 2009. ***Shumake v. Shumake***, 156 So. 3d 900, 902 (Miss. Ct. App. 2013). The chancellor ordered Mr. Shumake to pay Ms. Shumake permanent periodic alimony in the amount of $5,750 per month. ***Id.*** On March 12, 2009, Ms. Shumake filed a complaint for citation of contempt, arguing that Mr. Shumake had failed to pay the amount of alimony ordered. ***Id.*** Mr. Shumake answered, counterclaimed for contempt, and filed a complaint for modification, arguing that his bankruptcy filing was a material change in circumstances. ***Id.***

¶4.    After several hearings and various orders, on April 12, 2012, the chancellor ordered Mr. Shumake to pay his former wife $3,250 per month until the completion of his Chapter 13 bankruptcy payments. ***Id.*** After completion of the bankruptcy payments, Mr. Shumake's periodic alimony payments would be raised to $4,225 per month. ***Id.*** The chancellor noted that, because the bankruptcy payments were approximately $4,000 per month, Mr. Shumake would have an additional $4,000 available to meet his alimony obligations once his bankruptcy payments concluded. The chancellor also found Mr. Shumake in arrears in his

2

alimony payments in the amount of $58,550, and ordered him to pay an additional $1,500 per month, following the completion of his bankruptcy payments, until he had fully paid the arrearage. *Id.*

¶5. Mr. Shumake appealed from the order of April 12, 2012, and this Court assigned his appeal to the Court of Appeals. The Court of Appeals reversed and rendered the chancery court's order for Mr. Shumake to pay the $58,550 arrearage. *Id.* at 905. This Court granted Ms. Shumake's petition for certiorari, reversed the judgment of the Court of Appeals, and reinstated the chancery court's order. ***Shumake v. Shumake***, 147 So. 3d 352, 356 (Miss. 2014). We held that the chancellor did not abuse his discretion by ordering Mr. Shumake to pay the alimony arrearage. *Id.*

¶6. On November 14, 2014, Ms. Shumake filed a complaint for citation of contempt, claiming that Mr. Shumake was in arrears in the amount of $38,600 on his periodic alimony payments. She also complained that, despite Mr. Shumake's completion of his bankruptcy payments, he had not increased his alimony payments to $4,225 and had failed to pay the additional $1,500 per month toward the $58,550 arrearage as ordered. Further, Ms. Shumake claimed that Mr. Shumake had not paid the current arrearage of $10,467.49 on the parties' first mortgage on the marital domicile as ordered in the divorce judgment. She requested interest on the arrearages as well as attorney fees and costs.

¶7. Mr. Shumake filed an answer and a countercomplaint for modification of his alimony obligations. He admitted that he had not paid the full amounts ordered by the court, but asserted that he was not in wilful contempt because he had been unable to pay the sums

3

ordered. He argued that the bankruptcy order discharged his responsibility for the amount in arrears on the first mortgage. He argued also that his alimony obligations should be reduced due to his bankruptcy, federal and state tax liabilities, and reduction in income.

¶8.    After a hearing, the chancellor entered a judgment finding Mr. Shumake in wilful contempt for failing to meet his alimony obligation. The chancellor found that Mr. Shumake had not paid the full amount of periodic alimony that had been ordered. The chancellor awarded Ms. Shumake a judgment in the amount of $65,300 for alimony arrearages covering the period from April 11, 2011, through the date of the hearing, on October 6, 2015. Further, the chancellor awarded Ms. Shumake $10,468 for the unpaid arrearage on the first mortgage. The chancellor awarded three percent interest on those amounts from the date of the judgment.[1] The chancellor found also that the $58,550 alimony arrearage remained unsatisfied in full. To secure Mr. Shumake's payment of future alimony, the chancellor ordered an equitable lien against all future gross income of his law practice. Finally, the chancellor denied Mr. Shumake's motion to modify his alimony obligation. Mr. Shumake appeals.

**STANDARD OF REVIEW**

¶9.    This Court reviews the findings of a chancellor for abuse of discretion. ***Heiter v. Heiter ex rel. Sheffield***, 192 So. 3d 992, 994 (Miss. 2016). We will leave a chancellor's

---

[1] We note that, because periodic alimony payments vest when due and "each payment bears legal interest from and after its due date, . . ." the chancellor erred by awarding interest from the date of the judgment instead of from the respective dates on which the several payments came due and were unpaid. ***Rubisoff v. Rubisoff***, 242 Miss. 225, 235, 133 So. 2d 534, 537 (1961). But, because neither party has raised this issue on appeal, it is not properly before the Court.

findings undisturbed "unless the chancellor's decision was manifestly wrong, clearly erroneous, or applied an erroneous legal standard." ***Lewis v. Pagel***, 172 So. 3d 162, 172 (Miss. 2015).

> I. WHETHER THE CHANCELLOR ERRED BY IMPOSING AN EQUITABLE LIEN UPON THE GROSS PROCEEDS OF MR. SHUMAKE'S LAW FIRM.

¶10.    Mr. Shumake complains that the chancellor erred by imposing an equitable lien on his law practice despite the fact that Shumake's former wife, in her complaint for citation of contempt, did not specifically request that relief. He contends that he was surprised because he lacked notice that the chancellor might place an equitable lien on his law practice. He argues that, had Ms. Shumake requested such a lien, he would have prepared a defense and presented evidence. In response, Ms. Shumake argues that the chancellor committed no error because the equitable lien was within her prayer for general relief.

¶11.    As support for his argument, Mr. Shumake relies on ***Holleman v. Holleman***, 527 So. 2d 90, 93 (Miss. 1988), in which the Court held that a chancery court may not impose a lien to secure the payment of alimony unless such a lien specifically was requested in the pleadings. The Court in ***Holleman*** held that the opposing party is surprised when a lien is imposed that was not specifically pled. ***Id.*** As Ms. Shumake argues, ***Holleman*** was overruled by ***Smith v. Smith***, 607 So. 2d 122, 127 (Miss. 1992). In ***Smith***, this Court recognized that, in ***Holleman***, "we failed to take cognizance of our changed pleading standards" under the Mississippi Rules of Civil Procedure. ***Id.*** Under Rule 8, "a pleading which sets forth a claim for relief . . . shall contain . . . a demand for judgment for the relief to which [the pleader]

5

deems himself entitled." M.R.C.P. 8(a)(2). Rule 54(c) provides that: "[e]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled by the proof and which is within the jurisdiction of the court to grant, even if the party has not demanded such relief in his pleadings . . . ." M.R.C.P. 54(c). Applying these rules, the Court in **Smith** held that the wife's prayer for general relief was sufficient to have enabled the chancellor to impose an equitable lien. **Smith**, 607 So. 2d at 127. Accordingly, Ms. Shumake's prayer for general relief was sufficient to have placed Mr. Shumake on notice that the chancellor could impose any relief to which Ms. Shumake was "entitled by the proof" and which was "within the jurisdiction of the court to grant." It is well established that a chancellor is empowered to impose an equitable lien to secure the payment of alimony, especially when the payor has been delinquent. **Morgan v. Morgan**, 397 So. 2d 894, 897 (Miss. 1981). Therefore, this issue is without merit.

> II. WHETHER THE CHANCELLOR ABUSED HIS DISCRETION BY DENYING MR. SHUMAKE'S MOTION TO MODIFY THE AMOUNT OF HIS ALIMONY OBLIGATION.

¶12. Because Mr. Shumake's appellant's brief is missing pages nine through eleven, his brief includes only one page of argument on this issue.[2] On this single page, Mr. Shumake

---

[2] Although the *pro se* brief Mr. Shumake submitted to this Court was missing three pages, it is apparent from the arguments in the appellee's brief that Ms. Shumake had a complete copy of the brief. On March 15, 2017, the writing justice ordered Mr. Shumake to file a complete copy of the appellant's brief electronically by 5:00 p.m. on March 20, 2017. Although the order was duly served on Mr. Shumake's designated Mississippi Electronic Courts recipients, the time expired with no response from Mr. Shumake. Ten days after the due date, Mr. Shumake filed a complete copy of the brief with no explanation for the delay. The brief was struck as untimely filed. Accordingly, the Court will address only those portions of Mr. Shumake's argument that have been briefed.

argues that the chancellor erred by denying his motion for a downward modification of his alimony obligation. Specifically, Mr. Shumake challenges the chancellor's rejection of his argument that fluctuations in the parties' respective incomes constituted a material change in circumstances.

¶13. "The chancellor has the authority to modify periodic alimony 'upon a finding of a substantial change in circumstances, regardless of any intent expressed by the parties to the contrary.'" *Holcombe v. Holcombe*, 813 So. 2d 700, 703 (Miss. 2002) (quoting *McDonald v. McDonald*, 683 So. 2d 929, 931 (Miss. 1996)). The change must be one the parties did not anticipate at the time of the original alimony judgment. *Holcombe*, 813 So. 2d at 703. When a material change in circumstances is found, the chancellor must consider the factors from *Armstrong v. Armstrong*, 618 So. 2d 1278, 1280 (Miss. 1993), before ordering any modification of periodic alimony. *Steiner v. Steiner*, 788 So. 2d 771, 776 (Miss. 2001).

¶14. The chancellor found that the divorce judgment reflected gross incomes of $222,922 for Mr. Shumake and $14,500 for Ms. Shumake. Mr. Shumake argued that his income from his law practice had gone down to $194,352, while Ms. Shumake's income had increased to $40,376, and that these fluctuations constituted a material change that could not have been anticipated at the time of the divorce. The chancellor found from Ms. Shumake's tax returns that she had earned $24,643 in 2012, $45,138 in 2013, and $32,763 in 2014. Her financial statement showed a present annual income of $40,376. The chancellor accepted Ms. Shumake's testimony that, after she had filed her financial statement, her work hours as an office manager at a hair salon were reduced from forty to thirty-two hours per week. The

chancellor found that the parties' income fluctuations since the divorce judgment reasonably could have been anticipated at the time of the original judgment, and that no material change in circumstances had occurred.

¶15.  Mr. Shumake argues that the chancellor's finding would preclude a future court's deciding that changes in income experienced by divorced parties could constitute a material change. In support, he points to the chancellor's statement that "it was and is reasonably to be expected that the gross income for each party will on average increase over some years and to further anticipate that the gross income may also occasionally dip down over the course of a few years." Considering that the chancellor's decision rested upon the particular facts of this case, Mr. Shumake's concerns are unfounded.

¶16.  Further, the chancellor did not abuse his discretion by finding that no material change in circumstances had occurred. While Mr. Shumake's law practice income had declined somewhat, and Ms. Shumake's income had increased minimally, the financial disparity between the parties was not substantially different than it had been at the time of divorce, and the majority of Ms. Shumake's income came from alimony. *See **Hockaday v. Hockaday***, 644 So. 2d 446, 449-50 (Miss. 1994). The chancellor did not clearly err by finding that the income fluctuations were not so substantial that they reasonably could not have been anticipated at the time of the divorce judgment. We find no abuse of discretion in the chancellor's denial of Mr. Shumake's motion to modify alimony.

> III. WHETHER THE CHANCELLOR'S FINDING THAT MR. SHUMAKE WAS IN WILFUL CONTEMPT WAS BASED ON A MISUNDERSTANDING OF THE FACTS.

¶17. Because Mr. Shumake has presented no briefing on this argument, the Court does not address it. ***O.W.O. Invs., Inc. v. Stone Inv. Co., Inc.***, 32 So. 3d 439, 446 (Miss. 2010).

### IV. WHETHER THE AMOUNT OF ATTORNEY FEES AWARDED TO MS. SHUMAKE WAS ERRONEOUS.

¶18. Ms. Shumake requested that the chancellor order Mr. Shumake to pay all the attorney fees she had incurred during the proceedings. The chancellor held that, because Mr. Shumake was in wilful contempt of court, Ms. Shumake was entitled to her reasonable attorney fees incurred in prosecuting the contempt action. The chancellor found from the attorney fee bill submitted by Ms. Shumake that she had incurred $5,460 prior to trial, plus $500 for the motion to compel. Accordingly, the chancellor ordered Mr. Shumake to pay Ms. Shumake's attorney fees in the amount of $6,000.

¶19. In another incompletely briefed argument, Mr. Shumake contends that the chancellor erred by awarding Ms. Shumake the total amount of attorney fees reflected by her attorney fee bill because those fees were incurred not only in prosecuting the contempt action, but also in defending his modification action. The fee bill submitted by Ms. Shumake primarily includes charges for prosecuting the contempt action, but also lists some charges for defending the modification action.

¶20. A former spouse who successfully prosecutes an action for contempt for failure to pay alimony is entitled to attorney fees without a showing of need. ***Morreale v. Morreale***, 646 So. 2d 1264, 1271 (Miss. 1994). However, in an alimony modification action, "[w]here a party is financially able to pay her attorney's fees, an award of attorney's fees is not appropriate." ***Anderson v. Anderson***, 692 So. 2d 65, 74 (Miss. 1997). "The award of attorney

9

fees in divorce cases is left to the discretion of the chancellor, assuming he follows the appropriate standards." *Rogillio v. Rogillio*, 101 So. 3d 150, 156 (Miss. 2012). "[W]here the record shows an inability to pay and a disparity in the relative financial positions of the parties, there is no error in awarding attorney fees." *Id.*

¶21.    Because the basis for the attorney fee award was the success of Ms. Shumake's contempt action, Mr. Shumake contends, the chancellor should have determined the amount of the fees attributable to defending his modification action and deducted those fees from Ms. Shumake's attorney fee award. He cites *Tidmore v. Tidmore*, 114 So. 3d 753, 759 (Miss. Ct. App. 2013), in which the Court of Appeals reversed the chancellor's award of attorney fees in a successful contempt action because the chancellor had awarded the full amount of the attorney fee bill without subtracting the fees attributable to a child support modification action. Ms. Shumake argues that *Tidmore* does not apply because this case involves a motion for alimony modification, not child support modification.

¶22.    Ms. Shumake's attempt to distinguish this case from *Tidmore* is unpersuasive. Given the differing standards for awarding attorney fees in a contempt action and in a modification action, Mr. Shumake is correct that the chancellor erred by failing to subtract the amount of attorney fees Ms. Shumake incurred in defending the motion to modify alimony. Ms. Shumake was not entitled to attorney fees for defending the modification action absent a finding of inability to pay. Because the chancellor applied an incorrect legal standard, we reverse in part and remand this case to the chancery court for a determination of attorney fees due Ms. Shumake for the contempt proceedings. However, the chancellor, in his discretion,

10

may award Ms. Shumake attorney fees for defending the modification action should he find an inability to pay on Ms. Shumake's part and relative financial disparity between the parties. *See **Rogillio***, 101 So. 3d at 156.

> V. THE CHANCELLOR ERRED BY AWARDING MS. SHUMAKE THE UNPAID BALANCE OF THE ARREARAGE OWED ON THE PARTIES' FORMER FIRST MORTGAGE.

¶23. At the time of the divorce, the parties' first mortgage on the marital domicile, with lender Countrywide, was in arrears. In the divorce judgment, the chancellor ordered that "[t]he current arrearage on the first mortgage shall be immediately paid and the mortgage brought current by Leslie [Shumake]." The divorce judgment also provided that "Leslie [Shumake] shall be responsible for, pay for, and hold Katerina [Shumake] harmless on the following other marital debt," and specified those debts.

¶24. At the hearing on Ms. Shumake's contempt action, it was established that Mr. Shumake never paid the arrearage on the first mortgage as ordered in the divorce judgment. Mr. Shumake testified that, at the time of the divorce, the arrearage had been $14,845.20. He testified that, in his bankruptcy, he had discharged his debt to Bank of America, the lender which had assumed the first mortgage, by paying $4,377.71. Ms. Shumake testified that she had been forced to refinance the marital home, and at that time the remaining arrearage had been included in her current mortgage payments.

¶25. Mr. Shumake argued that his obligation to pay the first mortgage arrearage had been discharged by his bankruptcy. The chancellor rejected that argument because 11 U.S.C. § 523(a) excepts domestic support obligations incurred in divorce actions from discharge. *See*

11

11 U.S.C. § 523(a)(5) (2012). Finding that Mr. Shumake had provided no authority for his argument that his bankruptcy plan had discharged the debt, the chancellor ordered Mr. Shumake to pay Ms. Shumake the remaining arrearage of $10,468 for the first mortgage.

¶26. On appeal, Mr. Shumake renews his argument that his obligation to pay the first mortgage arrears was discharged by the bankruptcy plan. Again, he cites no authority for this proposition. Instead, he argues that, according to the terms of the divorce judgment, his obligation to pay the first mortgage arrearage was an obligation to pay the lender, not to pay Ms. Shumake. He contends that, although he was ordered to pay the first mortgage arrearage, he was not ordered to hold Ms. Shumake harmless from that debt. He argues that the divorce judgment ordered him to "be responsible, pay for, and hold Katerina [Shumake] harmless on the following other marital debt" and that this list of debts did not include the first mortgage arrearage.

¶27. We find no merit in Mr. Shumake's argument that the divorce judgment merely created an obligation to the lender rather than to Ms. Shumake. A review of the divorce judgment indicates that the chancellor ordered Mr. Shumake to pay the first mortgage arrearage "immediately." Then, the judgment listed "other marital debt" from which Mr. Shumake must hold Ms. Shumake harmless, and ordered Ms. Shumake to pay certain other marital debts. Plainly, the chancellor's intent was for Mr. Shumake immediately to pay the first mortgage arrearage, and Ms. Shumake would not be responsible for that debt. In conducting the equitable distribution, the chancellor's obligation was to allocate responsibility for the marital debts between the parties to the divorce. Mr. and Ms. Shumake

already had a legal obligation to the lender. Mr. Shumake's bankruptcy discharged his obligation to the lender, but not his former wife's. Because Ms. Shumake ended up paying the debt to the lender, the chancellor did not err by ordering Mr. Shumake to reimburse her for the debt he had failed to pay as ordered.

## CONCLUSION

¶28. We hold that the chancellor's imposition of an equitable lien on Mr. Shumake's law practice to secure the payment of future periodic alimony was not an abuse of discretion. Further, the chancellor did not err by refusing to modify Mr. Shumake's alimony obligation. Nor did the chancellor err by awarding Ms. Shumake the remaining arrearage on the first mortgage. However, the chancellor did err by awarding Ms. Shumake the attorney fees reflected by her attorney fee bill without deducting the fees attributable to the defense of the alimony modification action. Therefore, this Court affirms in part and reverses in part and remands for the chancellor to determine the amount of attorney fees owed to Ms. Shumake for her successful contempt action. The chancellor may award any additional attorney fees for the modification action only upon a finding of inability to pay and relative financial disparity between the parties.

¶29. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., KING, COLEMAN AND BEAM, JJ., CONCUR. MAXWELL AND CHAMBERLIN, JJ., NOT PARTICIPATING.**