# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CA-01370-COA

**DEBBIE JOHNSON ARCHIE**                                  **APPELLANT**

**v.**

**AMOS ARCHIE, JR.**                                           **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/14/2020 |
| TRIAL JUDGE: | HON. DENISE OWENS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | KENNETH TREY O'CAIN JOSHUA PATRICK GINN |
| ATTORNEYS FOR APPELLEE: | FELECIA PERKINS JESSICA NICOLE AYERS |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED - 04/26/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE BARNES, C.J., McCARTY AND EMFINGER, JJ.

### EMFINGER, J., FOR THE COURT:

¶1. This is an appeal from the chancellor's modification of the final judgment of divorce as it relates to the equitable distribution of the marital assets, specifically the marital residence. Finding no error, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2. Debbie Archie (Debbie) filed a complaint for divorce from Amos Archie Jr. (Amos) in 2006. The divorce was granted in 2010. Amos appealed that decision. This Court reversed and rendered in part and reversed and remanded in part, reversing the chancellor's award of alimony and remanding for further correction and clarification on the issues of the equitable

distribution of marital assets and alimony. *Archie v. Archie*, 126 So. 3d 937, 939 (¶1) (Miss. Ct. App. 2013).

¶3. On April 23, 2019, after trial, the chancellor entered her opinion and final judgment of divorce.[1] Debbie was awarded the marital home and charged with paying the "remaining mortgage, insurance, taxes, and maintenance on the house beginning April 2019." The chancellor further found that since this Court reversed and remanded this matter in 2013, Amos had been paying the note on the marital home, including insurance, and taxes and was therefore "entitled to some equity in the marital domicile, the same being $20,000."[2] The portion of this final judgment that is at the core of this appeal reads as follows:

> 4. That Debbie Archie shall be and is hereby awarded primary ownership and possession of the marital home located at 926 Fairfax Circle, Jackson, Mississippi. Further, [Debbie] shall be solely responsible for the remaining mortgage, insurance, taxes, and maintenance on the house beginning April 2019, and shall make all payments when due to the mortgage company, and hold [Amos] harmless therefrom.

> 5. That [Amos] shall be and is hereby awarded a judgment against [Debbie] in the amount of $20,000.00 for his equity in the marital domicile, which shall incur six percent (6%) interest per annum until paid in full. Beginning May 5, 2019, and continuing on the fifth (5th) day of each month thereafter, [Debbie] shall pay [Amos] $200.00 per month until the marital domicile is paid off, which should occur approximately November 2019. Within ninety (90) days from the date of the last payment on the mortgage, [Debbie] shall pay [Amos] the balance remaining on the $20,000.00 judgment, including accrued interest.

---

[1] The transcript of this hearing does not appear in the record, but the chancellor states in her opinion that she made her findings after "[hearing] testimony from the parties, the Plaintiff's witness, and receiving evidence."

[2] Debbie does not challenge on appeal the chancellor's award to Amos of $20,000 for his equity in the marital residence.

6. The parties shall execute any and all documents necessary to convey their respective interest in the marital real property awarded to the other party within ten (10) days of the entry of this Opinion and Final Judgment of Divorce, except for the marital domicile. [Amos] shall execute a Quitclaim Deed conveying his interest in the marital domicile to [Debbie] within ten (10) days after the $20,000.00 judgment is paid in full.

7. However, [Amos] shall execute the Quitclaim Deed prior to the satisfaction of the mortgage if [Debbie] is approved for refinancing at an amount sufficient to pay the mortgage balance and the judgment, and the Quitclaim Deed is required by the lender. In that event, [Debbie] shall pay [Amos] the balance owed from the $20,000.00 judgment, plus any accrued interest, within three days of her receiving the funds.

¶4. On November 14, 2019, Debbie filed a petition to amend the judgment. In the petition she advised the chancellor that she had paid off the marital dwelling on August 19, 2019, but was unable to secure a loan to satisfy her debt to Amos as required by the final judgment. She stated that it was impossible for her to comply with the court's order. She asked that the final judgment be modified to allow her to make monthly payments in the amount of $100 per month until Amos is paid in full. She also asked that Amos be required to transfer title to her "immediately."

¶5. On December 3, 2019, Amos filed a petition for contempt citing Debbie's failure to comply with the chancellor's April 23, 2019 order as it relates to his equity in the marital residence. Amos asked for "a Judgment of Contempt against Respondent Debbie Johnson Archie, and [to] incarcerate the Respondent in the Hinds County jail until she purges herself by paying all amounts due, plus interest, and paying the Petitioner's attorney's fees and expenses incurred in bringing this Petition. Petitioner further requests any and all other relief

3

he may show himself entitled and the Court deems just and proper."

¶6.    These petitions were heard on February 19, 2020. The testimony showed that what Debbie had applied for were personal loans as opposed to home equity loans. The chancellor reasoned "she would not qualify [for a personal loan]" and instead should have taken out "a loan for a line of credit with the home as security, which is a whole different thing." The record shows Debbie is disabled and has very poor credit. Because the mortgage had been paid off, the chancellor recessed the hearing and directed Debbie to apply for a home equity loan in order to pay off the amounts owed by her. The hearing resumed on July 30, 2020, and the evidence showed that Debbie had been denied three home equity loans.

¶7.    The chancellor rendered her judgment on August 14, 2020, as to Debbie's petition to amend the judgment and on Amos' petition for contempt. Because testimony at trial established that Debbie had actively sought to refinance the home in order to pay Amos, the chancellor found that she was not in contempt. As to Debbie's petition, the chancellor granted Debbie relief because Debbie was unable to raise the funds necessary to pay Amos the balance of his equity in the house pursuant to the final judgment. However, instead of allowing Debbie to pay Amos his equity at the rate of $100 per month as requested, the chancellor ordered that the marital residence be sold and that Amos be paid his equity out of the proceeds. The central issue on appeal is the chancellor's finding that "the only equitable and just way for [Amos] to receive the balance of the equity owed to him is for the house to be placed on the market and sold." It is from this decision Debbie appeals.

4

**STANDARD OF REVIEW**

¶8.    We review a chancellor's equitable distribution of property as follows:

> In matters of equitable distribution and alimony, the Court enjoys only limited powers of review. Chancellors are afforded wide latitude in fashioning equitable remedies in domestic relations matters, and their decisions will not be reversed if the findings of fact are supported by substantial credible evidence in the record. *Hammett v. Woods*, 602 So. 2d 825, 827 (Miss. 1992). In other words, "[t]he Court will not disturb the findings of a chancellor unless the chancellor was manifestly wrong, clearly erroneous or an erroneous legal standard was applied." *Bell v. Parker*, 563 So. 2d 594, 596-97 (Miss. 1990).

*Henderson v. Henderson*, 757 So. 2d 285, 289-90 (¶19) (Miss. 2000).

**ANALYSIS**

**I.    Whether the chancellor committed reversible error when she made a sua sponte clarification over a year after the original judgment that substantially changed the original judgment.**

¶9.    Debbie alleges that the chancellor made a sua sponte clarification and/or substantially changed the original opinion and final judgment of divorce from the bench during the hearing on her motion to amend the judgment and Amos' motion for contempt by changing the word "judgment" into "equity." Since this was more than ten days after the entry of the opinion and final judgment of divorce, Debbie contends such was improper under Mississippi Rule of Civil Procedure 59(e). This Court held in *Cook v. Whiddon*, 866 So. 2d 494, 502-03 (¶36) (Miss. Ct. App. 2004) that

> a chancellor's bench ruling is not final, but is subject to modification by that same chancellor. *Grey v. Grey*, 638 So. 2d 488, 492 (Miss. 1994). The chancellor's decision is not the same thing as the court's final judgment. *Id*. Only a final judgment is appealable. *Id*.

*See also Johnson v. Smith*, 328 So. 3d 145, 155 (¶43) (Miss. Ct. App. 2021). Since an explanation from the bench is clearly not a final judgment, Debbie cannot appeal from the bench ruling. *Cook*, 866 So. 2d at 503 (¶37). In any event, as addressed below, we find that the chancellor, in her written order, properly modified the final judgment entered on April 23, 2019. This issue is without merit

> **II.     Whether the chancellor abused her discretion by granting specific relief that was not pled and by awarding relief to Amos despite his not prevailing.**

¶10.    Next, Debbie alleges that the chancellor abused her discretion because relief in the form of the sale of the marital home was not specifically pled. Debbie argues that because Amos did not specifically ask that the home be sold, but only asked for her incarceration, it was reversible error for the chancellor to order the sale.[3]

¶11.    However, Debbie asked the court in her November 14, 2019 petition to amend the judgment "to correct and otherwise amend the final judgment to make it possible for [her] to adhere to the dictates of [the chancery court]," citing her "complete inability to perform as the court has required." She further prayed "for any other relief the Court deems just and proper including general relief."

¶12.    Debbie's petition placed the entire matter of the equitable distribution of the marital estate before the chancellor. In *Carter v. Carter*, 98 So. 3d 1109, 1114 (¶18) (Miss. Ct. App.

---

[3] Amos' petition for contempt did request "any and all other relief he may show himself entitled and the Court deems just and proper." He also requested the sale of the home at the hearing on her petition to amend and his petition for contempt.

2012), the Court said:

> The change in one financial award or obligation changes the "entire field" of the financial settlement in a divorce judgment. *Rhodes v. Rhodes*, 52 So. 3d 430, 450 (¶82) (Miss. Ct. App. 2011) (quoting *Lauro v. Lauro*, 847 So. 2d 843, 849 (¶13) (Miss. 2003)).

And further in *Rhodes*, 52 So. 3d at 450 (¶82), this Court said:

> Since we find reversible error as to the classification of a marital asset, we must remand the entire equitable distribution for the chancellor to reconsider. ***In chancery practice, most of the financial awards accompanying the chancellor's divorce decree are linked***. *See, e.g.*, [Deborah H. Bell, *Bell on Mississippi Family Law* § 19.09[7] (2005)].

(Emphasis added).

¶13. While the chancellor agreed that it was impossible for Debbie to comply with the original judgment as to the payment to Amos within ninety days of the last payment on the mortgage, the chancellor also agreed Amos was entitled to payment.[4] While the chancellor agreed a modification was needed, the chancellor also did not find Debbie's proposal of paying $100 per month to be fair and equitable. As of August 4, 2020, the court found that the amount then due to Amos was $18,154.79.[5] Under Debbie's proposed modification, it would have taken over fifteen years for Amos to receive his full equity in the marital residence.

---

[4] This was a modification of the original distribution of marital assets due to Debbie's inability to comply with the original order. Regardless of whether Amos' interest was termed equity or a judgment, the chancellor properly reconsidered the equitable distribution based upon subsequent events and entered a new order in this regard.

[5] That amount is not challenged on appeal.

¶14.   As it relates to this issue, the chancery court had the same authority it had in the original equitable distribution. In *Burrell v. Burrell*, 289 So. 3d 749, 754 (¶¶22-23) (Miss. Ct. App. 2020), this Court said, concerning the sale of the marital residence:

> "The [c]hancery [c]ourt has authority, where equities so suggest, to order a fair division of property accumulated through the joint contributions and efforts of the parties, and the equitable division is left to the chancellor's discretion unless there is an abuse of discretion." *Berryman v. Berryman*, 907 So. 2d 944, 947-48 (¶14) (Miss. 2005).

> Reviewing the record, we find no abuse of discretion in the chancery court's decision to order the sale of the marital home and the equal division of any remaining equity.

¶15.   In addition, Debbie sought relief pursuant to Mississippi Rule of Civil Procedure 60. In *M.A.S. v. Mississippi Department of Human Services*, 842 So. 2d 527, 530 (¶12) (Miss. 2003), the supreme court said concerning relief under this provision:

> This Court has stated that "[r]elief under Rule 60(b)(6) is reserved for extraordinary and compelling circumstances," and that the Rule is a "grand reservoir of equitable power to do justice in a particular case." *Briney v. United States Fid. & Guar. Co.*, 714 So. 2d 962, 966 (Miss. 1998).

¶16.   In the judgment filed on August 14, 2020, on the two petitions before the chancellor, the court found:

> That due to Debbie Archie's inability to qualify for a loan and limited income, the only equitable and just way for Amos Archie, Jr. to receive the balance of the equity owed to him is for the house to be placed on the market and sold.

The chancellor fashioned an equitable remedy by which Amos could receive his equity in the marital residence as set forth in the original judgment. We find that the chancellor was not manifestly wrong or clearly erroneous.

**III.** **Whether the chancellor committed reversible error by providing no adequate notice and hearing to Debbie prior to ordering the former marital dwelling to be sold as it violated her right of due process.**

¶17. In Debbie's petition to modify the final judgment, she requested specific relief and general relief. In Amos' petition for contempt, he requested specific relief and general relief. Both petitions were directed to the portion of the final judgment of divorce that dealt with the equitable distribution of the marital assets, specifically the marital residence. In his petition for contempt, Amos asked that Debbie be incarcerated until she pays all he is owed pursuant to the final judgment. Debbie sought to modify the final judgment due to her financial inability to comply with the provision related to the payment of Amos' equity in the marital residence.

¶18. Summons were properly served for both petitions. Based upon the nature of the claims as discussed above, the chancellor found that Debbie was on notice of the potential outcome.

> As to whether a chancellor can grant relief not specifically requested by a party, Mississippi Rule of Civil Procedure 54(d) states, in pertinent part, that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled by the proof and which is within the jurisdiction of the court to grant, even if the party has not demanded such relief in his pleadings . . . ." In the case before us, [the appellee's] petitions for custody (his original petition and his amended petition) contained a prayer for general relief: "And, if your plaintiff has prayed for wrong, improper, or insufficient relief, then he prays for all other relief, either general or specific, as he may be entitled in a [c]ourt of equity." The supreme court has held that a party's prayer for general relief is sufficient to allow a chancellor to "impose any relief to which [the party] was 'entitled by the proof' and which was 'within the jurisdiction of the court to grant.'" *Shumake v. Shumake*, 233 So. 3d 234, 238 (¶11) (Miss. 2017).

*Johnson v. Smith*, 328 So. 3d 145, 152-53 (¶35) (Miss. Ct. App. 2021). The chancellor

fashioned an equitable remedy, as discussed herein, in response to the prayers for general relief. Debbie's due-process claim is without merit.

¶19. The issues raised by the appellant are without merit, and we affirm the chancery court's decision.

¶20. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR. WILSON, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**